Ido E. COLANTUONI, Plaintiff,

v.

John D. MACOMBER, Defendant.

Civ. A. Nos. 88–0244, 89–2244.

United States District Court,
District of Columbia.

Dec. 4, 1992.

Janet Cooper, Washington, DC, for plaintiff.

John C. Martin, Asst. U.S. Atty., Washington, DC, for defendant.

## MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

The two above cases, which have been consolidated, together with a third action filed April 3, 1992 (Civil Action No. 92–0815) involve claims of employment discrimination based on age, sex and retaliation. These cases represent only a small part of the volume of administrative complaints made by plaintiff against defendant over the past ten (10) years. The two above consolidated cases are now before the Court on defendant's motion for partial summary judgment, plaintiff's opposition, and defendant's reply. Under Fed.R.Civ.P. 56(c), summary judgment will be granted if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Court grants defendant's motion. Specifi-

cally, the Court grants defendant's motion in regard to the relief requests in plaintiff's administrative complaint in Administrative Case No. EIB 23 ("EIB 23"),[1] and in regard to plaintiff's claims numbers one and two as set forth in EIB 23.[2]

The Court notes that defendant did not move for summary judgment on plaintiff's claim number three in EIB 23, specifically, "[c]urrent performance appraisal for year ending 3/31/88 is not [a] fair and objective evaluation of [plaintiff's] true performance for the period."[3] Accordingly, that claim survives this order.

## BACKGROUND

Plaintiff has brought suit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621. He alleges discrimination on the basis of age, sex and retaliation. Plaintiff brought suit in this Court after properly exhausting his administrative remedies. The case comes before us *de novo*.[4]

Plaintiff has worked at the Export–Import Bank of the United States ("EIB") in various capacities for more than twenty-five years. From January 1985 to August 1988, plaintiff worked as an International Economist in the Policy and Planning Division of the EIB under the supervision of the Vice President for that division, Mr. James C. Cruse. On June 17, 1988, Plaintiff filed an administrative complaint with the Equal Employment Opportunity Director at the EIB alleging discrimination.[5] The administrative complaint alleged discrimination on the basis of age, sex and retaliation and named James Cruse as the discriminating official. Three instances of discrimination were alleged: (1) Cruse

---

1. Plaintiff's relief requests are found in plaintiff's administrative complaint, Defense Exhibit B.

2. Specifically, plaintiff's claim number one alleges, "Mr. Cruse presented documents to the undersigned showing projected lowering of current job grade to GS–11 level." Plaintiff's claim number two alleges, "Mr. Cruse [was] unwilling to realistically discuss job opportunities and programs to maintain [plaintiff's] GS–15 level." *See* Plaintiff's administrative complaint, Defense Exhibit B.

3. *See id.*

4. *See, Hackley v. Roudebush*, 520 F.2d 108 (D.C.Cir.1975), which concludes after an extensive review of the legislative history of Section 717 of Title VII that federal employees are entitled to a trial *de novo* in federal court on claims of discrimination.

5. *See* Defense Exhibit B.

showed plaintiff documents indicating a proposed lowering of plaintiff's job grade from GS–15 to GS–11; (2) Cruse's unwillingness to discuss job opportunities to maintain plaintiff's GS–15 level; and (3) Plaintiff's current job appraisal for the year ending 3/31/88 was not a fair and objective evaluation.[6] The complaint was initially accepted in part and rejected in part, based on 29 C.F.R. § 1613.215(a).[7]

After partially failing in his appeal at the administrative level,[8] plaintiff appealed the partial rejection of his complaint to the Equal Employment Opportunity Commission ("EEOC").[9] On October 19, 1988, the EEOC rejected in part and granted in part plaintiff's motion,[10] resulting in a remand to the agency (the EIB) for further processing. Both plaintiff and the EIB requested the EEOC to reconsider it's opinion of October 19, 1988. The EEOC issued a "reconsideration" of that decision on July 10, 1989.[11] On August 9, 1989, the thirtieth day after the final EEOC decision adverse to plaintiff, plaintiff filed this claim, which was docketed as Civil Action No. 89–2244.[12]

## DISCUSSION

I. Summary Judgment is Granted for Defendant on Plaintiff's Relief Requests in Administrative Complaint EIB 23.

The Court grants defendant's motion for summary judgment regarding corrective action number three requested in plaintiff's administrative complaint ("giving preferential treatment to young white women with less education & experience than the [plaintiff]").[13] Even if we give the plaintiff the benefit of the doubt regarding whether this should properly be considered as a claim, the EIB correctly dismissed this part of plaintiff's administrative complaint for failure to prosecute under 29 C.F.R. § 1613.-215(a)(6).

First, it is unclear that plaintiff's relief request number three should ever have been considered as a claim. A close examination of plaintiff's administrative complaint shows the following. Box seven of the complaint form asks the complainant to "[e]xplain how you believe you were discriminated against (treated differently from other employees or applicants) because of your race, color, religion, sex, or national origin ..." Plaintiff listed three instances of alleged discrimination in box seven. Box nine of the same form asks complainant, "What corrective action are you seeking?" Plaintiff listed four requested corrective actions, including the request at issue, in box nine.

Although the EIB and the EEOC initially treated plaintiff's third request for corrective action as if it were a properly alleged

---

**6.** *See id.*

**7.** *See* EIB Memorandum dated August 2, 1988, Defense Exhibit C. 29 CFR § 1613.215(a) states that an agency shall reject a complaint for a number of reasons, including the alleging of a merely proposed agency action and failure of complainant to adequately prosecute the complaint.

**8.** *See* EIB Memorandum dated August 22, 1988, Defense Exhibit G.

**9.** *See* plaintiff's notice of appeal dated August 25, 1988, Defense Exhibit H.

**10.** *See* EEOC decision dated October 19, 1988, Defense Exhibit J.

**11.** *See* Defense Exhibit O.

**12.** The Court notes that plaintiff's Civil Actions Nos. 88–0244 and 89–2244 have been consolidated, and that the Court granted partial summary

judgment to defendant in Civil Action No. 88–0244 by disallowing plaintiff's claim for compensatory damages on the grounds that such damages are not recoverable under Title VII or the ADEA, and that no basis for declaratory relief had been shown. *Colantuoni v. Bohn*, No. 88–0244, at 12–14 (D.D.C. August 19, 1988).

The Court denied plaintiff's motion to vacate its August 19, 1988 ruling. (Plaintiff claimed that the Civil Rights Act of 1991 provides for recovery of compensatory damages cases such as his. The Court rejected this argument, stressing that the Courts of Appeals that have addressed the issue thus far have uniformly held that the provisions of the Civil Rights Act of 1991 are not retroactive. *See, e.g., Rowe v. Sullivan*, 967 F.2d 186 (5th Cir.1992); *Vogel v. Cincinnati*, 959 F.2d 594 (6th Cir.1992); *Fray v. Omaha World Herald Co.*, 960 F.2d 1370 (8th Cir.1992)).

**13.** *See* plaintiff's administrative complaint, Defense Exhibit B.

instance of discrimination,[14] the EEOC's subsequent review of this action held that treatment to have been an error. The EEOC concluded, "[w]hile the relief requested by a complainant may shed some light on the issues raised by a complaint, the relief requests themselves are not subject to an acceptability determination."[15] We agree with the Commission's determination.

 This Circuit, however, has taken the position that "EEO complaints are to be liberally construed 'since very commonly they are framed by persons unschooled in technical pleading.'" *Brown v. Marsh,* 777 F.2d 8, 13 (D.C.Cir.1985) (citing *Shehandeh v. Chesapeake & Potomac Telephone Co.,* 595 F.2d 711, 727 (D.C.Cir. 1978)). Accordingly, the relevant inquiry is not into the technical sufficiency of the complaint, but whether plaintiff's actions were "adequate to put the [agency] on notice." *President v. Vance,* 627 F.2d 353, 361 (D.C.Cir.1980). Since plaintiff did discuss this claim with the EIB EEO counselor,[16] and since plaintiff did describe this claim in his administrative complaint filed with the EIB, the agency here had notice of plaintiff's claim. With some reluctance, we are constrained to hold that his relief request number three was properly considered as a claim raising the issue of discrimination.

 Granting that the claim was properly considered as a claim of discrimination, however, does not mean that it is still viable. The EIB acted properly when it dismissed plaintiff's claim for failure to prosecute, after plaintiff failed to submit requested information within a fifteen day time period, pursuant to 29 C.F.R. 1613.-215(a)(6).[17] Plaintiff did not provide more specific information as needed to fully make out a claim of discrimination on this issue. Thus his claim was rightfully dismissed by the EIB and will not be heard by this Court.

## II. Summary Judgment is Granted For Defendant on Plaintiff's Claim Number One in Administrative Complaint EIB 23.

 The Court also grants defendant's motion for partial summary judgment in regard to plaintiff's claim number one as presented in administrative complaint EIB 23, namely that plaintiff was discriminated against when his supervisor, Mr. Cruse, presented him with documents showing a projected lowering of plaintiff's job grade

---

**14.** Unfortunately, the history of this claim is somewhat lengthy and confusing. The EIB provisionally accepted relief request number three as a claim of discrimination, contingent upon the furnishing of additional specific information by plaintiff to the EIB within fifteen days. *See* EIB Notice of Partial Acceptance/Rejection of Discrimination Complaint, August 2, 1988, Defense Exhibit C. When plaintiff failed to provide the requested additional information in a timely fashion, the EIB rejected the relief request as a claim based on failure to prosecute, as provided in 29 C.F.R. § 1613.215(a)(6). *See* EIB Second Notice of Partial Acceptance/Rejection of Discrimination Complaint, August 22, 1988, Defense Exhibit G. On appeal, the EEOC vacated the agency's cancellation of this part of plaintiff's complaint for failure to prosecute as improper, citing lack of evidence of plaintiff's failure to prosecute, and remanded the request for relief to the agency (EIB) for further processing. *See* EEOC Decision, October 24, 1988, Defense Exhibit J. Upon a subsequent request to reopen by the EIB, the EEOC changed its mind again, and ruled that the prior decisions

on this request for relief were erroneous since it was a request for relief and not a claim of discrimination, and as such was never properly before the agency.

**15.** EEOC Memorandum dated July 10, 1989 granting request to reopen EIB 23. *See* Defense Exhibit O.

**16.** *See* Memorandum from Patricia L. Steele, EEO Counselor, dated June 21, 1988, Plaintiff's Exhibit 1.

**17.** "(a) The agency head or designee shall reject or cancel a complaint: ... (6) That the complainant has failed to prosecute. The agency may cancel an allegation or a complaint for failure to prosecute only after it has provided the complainant with a written request, that includes a notice of the proposed cancellation, to provide certain information or otherwise proceed with the complaint, and the complainant has failed to satisfy the request within 15 calendar days of its receipt ..." 29 C.F.R. § 1613.-215.

to GS–11 from GS–15. This downgrade was proposed but never implemented.[18] Pursuant to 29 C.F.R. § 1613.215(a)(2), an agency shall reject a complaint that "alleges that an agency is *proposing* to take action that may be discriminatory," (emphasis added). Accordingly, we uphold the EEOC in finally rejecting this part of plaintiff's administrative complaint.

Plaintiff argues that this part of the complaint should not be rejected, citing an EEOC decision from 1986. The Court does not find this argument persuasive. The plaintiff in that case, *Estrada v. United States Postal Service*,[19] was given a letter informing him of negative results of a fitness for duty examination, and requesting that he pursue one of the following options: request a lesser duty assignment, apply for retirement or seek other reassignment. The letter in *Estrada* was not a proposed act, but a present act that changed Mr. Estrada's job status. The events of *Estrada* are clearly distinguishable from the facts in the present case, in which plaintiff was merely informed that the EIB was considering reducing his job classification, and not that it had already acted to do so.

### III. The Court Grants Defendant's Motion for Summary Judgment on Plaintiff's Claim Number Two in Administrative Complaint EIB 23.

Lastly, the Court grants defendant's motion in regard to plaintiff's claim number two as presented in EIB 23, that Mr. Cruse was unwilling to realistically discuss job opportunities and programs to maintain plaintiff's GS–15 level.

As a threshold matter, EIB 23 claim number two was neither finally accepted nor rejected by the agency.[20] That does not mean, however, as defendant suggests, that this Court may not hear that claim on the ground that plaintiff has failed to exhaust his administrative remedies as required by statute.[21] Plaintiff filed this complaint in a timely fashion, and it was formally considered by the EEOC on at least three occasions.[22] Finally, thirteen months after plaintiff filed his claim, the EEOC decided it had insufficient information to proceed and remanded the claim to permit plaintiff to obtain further EEO counseling.[23] Since the agency took no final action on his complaint, and since he waited more than 180 days after filing his complaint with the agency, plaintiff fully exhausted his administrative remedies before proceeding in federal court.[24]

18. *See* EEOC memorandum dated July 10, 1989, granting request to reopen case EIB 23, Defense Exhibit O.

19. EEOC Appeal No. 01861743 (1986).

20. The history of this claim is also somewhat tortured. The EIB originally rejected plaintiff's claim number two under 29 C.F.R. § 1613.-215(a)(2) as merely alleging a proposed action. *See* EIB Memorandum dated August 2, 1988, Defense Exhibit C. On appeal, the EEOC found this rejection improper and reversed the agency. *See* EEOC Memorandum dated October 19, 1988, Defense Exhibit J. Upon subsequent reopening of the October 19 decision, the EEOC reversed its previous action and remanded plaintiff's claim number two to EIB for further development before a final decision was reached as to its acceptability. *See* EEOC Memorandum of July 10, 1989, Defense Exhibit O. Plaintiff filed his complaint before this Court before the acceptability of his claim number two was finally determined. The filing of plaintiff's civil action halted the processing of his complaint at the agency level. *See* 29 C.F.R. §§ 1613.283, 1613.513.

21. "In 1972 when it extended the scope of Title VII to cover federal employees, Congress added language to the statute expressly requiring federal employees to exhaust administrative remedies before filing an action in federal district court." *Ososky v. Wick*, 704 F.2d 1264, 1265 (D.C.Cir.1983) (citing *Brown v. GSA*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976); 42 U.S.C. § 2000e–16).

22. *See* note 20.

23. *See* EEOC memorandum dated July 10, 1989, Defense Exhibit O.

24. *Accord, Bundy v. Jackson*, 641 F.2d 934, 941 n. 6 (D.C.Cir.1981) (Plaintiff filed formal and then supplemental formal complaints with the appropriate administrative agency, which subsequently failed to investigate the complaints. Plaintiff waited over 180 days after filing the complaints and then brought suit in federal district court. Plaintiff was held to have fully exhausted her administrative remedies as required under 42 U.S.C. § 2000e–16(c)).

Furthermore, a rigid interpretation of the exhaustion requirement would be inconsistent with the prevailing interpretation of that requirement in this Circuit. "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary ... [t]he *Loe* court made it clear that adequacy of notice is the core of Title VII's administrative exhaustion requirements." *Brown v. Marsh,* 777 F.2d 8, 14 (D.C.Cir.1985) (citing *Loe v. Heckler,* 768 F.2d 409, 417 (D.C.Cir. 1985)).[25] Having considered plaintiff's EIB claim number two on at least three separate occasions, the EIB (and the EEOC) clearly had sufficient notice that plaintiff was bringing this claim. "[I]n fairness there must come a point where an agency's approach to a matter will preclude it from deploying the exhaustion doctrine to pull the rug out from under a Title VII plaintiff." [26] We believe that point has been reached in this case.

 Having decided that claim number two in administrative complaint EIB 23 is properly before this Court, we grant defendant's motion for summary judgment in regard to it. Our reasoning is as follows. While it is unclear just exactly what plaintiff is referring to in this particular claim, we are willing to assume that he wishes to discuss future job assignments necessary to maintain his GS–15 status and the availability of such assignments. The fact remains that this single claim, as thin as it is, must be judged in the context of the entire litigation. During his more than twenty-five years of experience with the EIB, plaintiff has had a large number of employment disputes with the agency. These disputes have resulted in his filing numerous complaints, only three of which have ended up in federal court. He alone has filed more complaints with the EIB than all of its other employees combined. In our judgment, EIB 23 claim number two lacks credibility and is no more than "make weight." Even if the agency through James Cruse should have granted plaintiff the discussions he claims he sought, its failure to do so is *"de minimis non curat lex."*

Finally, in granting defendant's motion for partial summary judgment, we should note again that defendant did not move for judgment as to plaintiff's EIB claim number three, which remains for disposition.

In accordance with the above, it is on this 4th day of December, 1992 hereby

ORDERED that Defendant's Motion for Partial Summary Judgment is granted regarding plaintiff's relief requests and regarding plaintiff's claims number one and two as presented in administrative complaint EIB 23; and it is

FURTHER ORDERED that the parties shall appear before the Court at 9:00 a.m. on December 9, 1992 for a status call with respect to the disposition of the remaining issue in this case as well as the processing of Civil Action No. 92–0815.

---

**25.** *Accord Mayfield v. Meese,* 669 F.Supp. 1123, 1127 (D.D.C.1987) "Under the exhaustion requirement, plaintiff can raise in this court only the claims that were raised in the administrative complaint *or which reasonably could have been* expected to grow out of the administrative charge," (emphasis added).

**26.** *Brown,* 777 F.2d at 15.