**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2194**

DARGAN DEWEY HADDOCK,

              Petitioner,

         v.

J.  RANDOLPH  BABBITT,  Administrator,  Federal  Aviation
Administration; FEDERAL AVIATION ADMINISTRATION,

              Respondents.

Appeal from the Federal Aviation Administration.  (SE-18700RM)

Submitted:  June 13, 2012            Decided:  July 17, 2012

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John  A.  Hodge,  HODGE  &  ASSOCIATES,  LLC,  Columbia,  South
Carolina, for Petitioner.  Amanda Kate Bruchs, FEDERAL AVIATION
ADMINISTRATION, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dargan Dewey Haddock appeals a decision of the National Transportation Safety Board ("Board") affirming the 60-day suspension of Haddock's commercial pilot certificate. The order affirmed findings by the Federal Aviation Administration ("FAA") and an administrative law judge ("ALJ") that Haddock violated federal regulations governing aircraft registration, operation, and maintenance. For the following reasons, we affirm.

I.

The FAA suspension at issue in this case arose out of Haddock's operation of a helicopter that crashed on December 25, 2008. A few days prior, on December 21, 2008, the helicopter had been obtained from David Moore. The FAA Order of Suspension concluded that, at the time of the crash, Haddock had not properly registered the helicopter, in violation of 14 C.F.R. § 47.3(b), and that Haddock failed to maintain the aircraft in an airworthy condition by failing to ensure the helicopter had an up-to-date condition inspection certifying it was safe to operate, in violation of §§ 91.403(a) and 91.13(a). According to the FAA's Order, the last such inspection occurred on April 18, 2007, approximately 20 months before the crash.

2

Haddock requested a hearing before an ALJ. At that hearing, the FAA provided the testimony of two aviation safety inspectors, Sean Mosher and James Franklin, who testified about aircraft safety requirements. Inspector Mosher testified that although the helicopter's logbook indicated the helicopter underwent maintenance on April 1, 2008, the logbook entry did not include the requisite language indicating the condition inspection occurred. Inspector Franklin corroborated this testimony, and further testified that review of the helicopter's registration records indicated that Moore, (not a family business, Haddock Flying Service), owned the aircraft at the time of the crash.

The inspector further explained that an aircraft's owner must complete a registration form and obtain a bill of sale, keep the pink carbon copy of the form in the aircraft, and mail the original white copy of the form along with the bill of sale to the FAA office in Oklahoma City. Inspector Franklin testified Haddock did not send the registration form to the FAA until January 2009, after the crash. He further testified that he never found the pink copy of the registration form at the crash site.

Haddock called Moore to testify, who stated that he built the helicopter at issue and was familiar with the annual condition inspection requirement. Moore further testified that

3

he performed a condition inspection on April 1, 2008, even though he did not include explicit language in the aircraft logbook to that effect. And, he testified that he told Haddock that he had completed the most recent condition inspection on April 1, 2008. As to the registration of the helicopter, Moore stated that he took the original white copy of the registration form to mail to Oklahoma City and that either he or Haddock placed the pink carbon copy of the registration form in the helicopter's cockpit.

Haddock similarly testified that Moore told him about the April 2008 inspection and showed him the logbook entry. Haddock also stated that he completed the registration form with Moore when he purchased the helicopter on December 21, 2008, but admitted the original copy was not mailed until after the accident. He testified that he believed placing the pink copy of the form in the cockpit satisfied the registration requirement. Another of Haddock's witnesses claimed he arrived at the accident site shortly after Haddock's crash, gathered the pink copy of the registration form from a box that was thrown from the cockpit of the helicopter, and gave it to Inspector Franklin.

The ALJ, on remand from the Board, credited the testimony of Inspectors Mosher and Franklin.[*] The ALJ further concluded, based on Haddock's own admission that he failed to mail in the white copy of the registration form prior to the crash, that the helicopter was not properly registered at the time of the crash. However, because the ALJ found that Haddock was attempting to comply with the registration requirement, the ALJ reduced the FAA's initial 90-day sanction to 60 days. Further, the ALJ found that Moore had not completed the required annual condition inspection because Moore's log book entry "did not include . . . the required language, or a similar statement, indicating that the condition inspection had occurred." Rather, the entry differed in language than the entries in April 2006 and April 2007, both of which indicated that Moore had completed condition inspections.

Relying on the ALJ's credibility determinations, the Board affirmed. Haddock timely filed this appeal. We have jurisdiction to hear the appeal pursuant to 49 U.S.C. § 1153.

---

[*] The ALJ, in its initial decision, failed to make explicit credibility determinations, and the Board remanded the matter for the ALJ to make such findings.

5

We must affirm the Board's decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The "arbitrary and capricious" standard is a "narrow" one and a court may not "substitute its judgment for that of the agency." Inova Alexandria Hosp. v. Shalala, 244 F.3d 342, 350 (4th Cir. 2001) (quoting Motor Vehicle Mfrs. Ass'n of the United States v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)). The Board's factual findings must be supported by "substantial evidence," 5 U.S.C. § 706(2)(E), which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Platone v. U.S. Dept. of Labor, 548 F.3d 322, 326 (4th Cir. 2008) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

On appeal, Haddock contends the Board acted arbitrarily and capriciously by concluding that the helicopter was not registered to Haddock at the time of the crash. We disagree. The Board concluded, based on Haddock's own admission before the ALJ, that Haddock had not submitted to the FAA the requisite registration forms and fee prior to the crash. Although FAA regulations allow for a "temporary authorization" before an aircraft is officially registered with the FAA, see 14 C.F.R. § 47.3(b), Haddock failed to comply with the

6

requirements. Pursuant to 14 C.F.R. § 47.31(c), after an applicant for registration submits an aircraft registration application along with the original bill of sale and requisite registration fee, that applicant can carry the "second copy" of the registration application, i.e., the pink carbon copy, aboard the aircraft "as temporary authority to operate without registration." 14 C.F.R. § 47.31(a),(c). Thus, even if, as Haddock claims, he had the pink copy of the registration application on board the helicopter at the time of the crash, that would not have given him temporary authority to operate the aircraft because he, admittedly, had not yet submitted the requisite forms and fee. See Adm'r v. Excalibur Aviation, Inc., NTSB Order No. EA-4465, 1996 WL 360096 at *4 (June 20, 1996) (explaining the "second copy" of a registration application carried aboard an aircraft can serve as a temporary registration only "after an applicant has submitted his Aircraft Registration Application to the FAA").

In any event, the ALJ credited the testimony of Inspector Franklin who testified that he was unable to locate the pink copy of the registration form from the crash site. Thus, the Board concluded, deferring to the ALJ's credibility findings, that "the pink copy was not in the cockpit when [Haddock] was operating" the helicopter. Based on our review of

7

the record, we find that substantial evidence supports this finding.

Haddock next challenges the Board's determination, also based on the ALJ's credibility findings, that Moore failed to conduct a condition inspection of the helicopter in April 2008 and, thus, left the aircraft in an unairworthy condition. Again, we do not agree with Haddock's contention that the Board acted arbitrarily and capriciously in reaching this determination. There is no dispute that Moore's April 2008 logbook entry did not state explicitly that he had performed a condition inspection. Further, the April 2008 entry differed significantly from Moore's entries in April 2006 and April 2007, which clearly indicated he had performed condition inspections at those times. In light of the ALJ's adverse credibility determination regarding Moore's testimony, we cannot hold that the Board acted arbitrarily and capriciously in affirming the ALJ's finding.

Further, we conclude that the Board did not act arbitrarily and capriciously in determining that Haddock could not reasonably rely on Moore's alleged assertions that he had conducted a condition inspection in April 2008. The Board relied on its precedent that "reasonable reliance is a narrow doctrine applicable in cases 'involving specialized, technical expertise where a flight crew member could not be expected to

8

have the necessary knowledge.'" JA 517 (quoting Adm'r v. Fay & Takacs, NTSB Order No. EA-3501, 1992 WL 40523 at *4 (February 1, 1992)). Thus, the Board has "rejected the defense of reasonable reliance" in previous "cases addressing a pilot's failure to verify a mechanic properly certified the aircraft's logbook after maintenance work." The Board has determined that "[o]ne of a pilot's duties prior to operating an aircraft is the 'responsibility to ensure that maintenance records were completed by the mechanic.'" JA 518 (quoting Adm'r v. Easton, NTSB Order No. EA-4732, 1998 WL 892248 at *3 (December 15, 1998)).

Here, the Board found that "Moore was neither [Haddock's] co-pilot nor crew member," and Haddock, "as the owner and operator of the aircraft, had a duty to ensure the aircraft complied with its type certificate and was in a safe condition for operation." The Board concluded that Haddock neglected this duty. This conclusion was not arbitrary and capricious. Accordingly, we affirm the Board's conclusion that Haddock violated 14 C.F.R. §§ 91.403(a) and 91.13(a).

Lastly, we reject Haddock's suggestion that the ALJ's treatment of Inspector Franklin's testimony regarding the requirements of § 43.7(b) as expert testimony was prejudicial to Haddock's case. At the hearing, the FAA did not offer Inspector Franklin as an expert, but the ALJ, in overruling Haddock's

9

objection during Inspector Franklin's testimony, stated, "[t]he witness is an expert in this area. He may answer."  As the Board concluded, "Inspector Franklin's testimony concerning § 43.7(b)" did not "require[] expertise."  In any event, any error in this regard was harmless.

## III.

Because the Board did not abuse its discretion in affirming Haddock's 60-day suspension, we affirm its decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>