Jerry Wayne **GILBERT**, Petitioner,

v.

**NATIONAL TRANSPORTATION SAFETY BOARD; Federal Aviation Administration, Respondents.**

No. 94–70456.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 1996.

Decided April 2, 1996.

David Bettencourt, Honolulu, Hawaii, for the petitioner.

Joyce L. Redos and Robert P. Vente, Federal Aviation Administration, Washington, D.C., for respondent FAA.

Before: REINHARDT, THOMPSON and O'SCANNLAIN, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

The Federal Aviation Administration (FAA) temporarily suspended Jerry Wayne Gilbert's pilot's license for safety violations. In this petition for review, Gilbert argues the National Transportation Safety Board (NTSB or Board) acted arbitrarily and capriciously by dismissing his appeal to the full Board because he did not file a timely brief

or a timely request for an extension of time in which to file the brief. Gilbert also contends he was denied due process by the procedures used by the FAA and the NTSB to suspend his license.

We have jurisdiction under 49 U.S.C. § 1153(a), and we deny review. We hold the NTSB did not act arbitrarily or capriciously in strictly applying its time deadlines for the filing of Gilbert's brief and for filing a request for an extension of time. We also hold that even though Gilbert did not present his constitutional claims to the NTSB, we have jurisdiction to consider those claims, and we reject them on the merits.

## FACTS

The FAA mailed Gilbert, a commercial pilot, a "notice of proposed certificate action," which alleged Gilbert had violated certain safety regulations. Specifically, the notice alleged Gilbert had operated an aircraft in a careless or reckless manner, and notified him that the FAA intended to temporarily suspend his pilot's license for ninety days. The notice also stated that he could request an informal conference with an FAA attorney to discuss the matter.

Gilbert requested an informal conference, but chose not to attend the conference in person. Instead, he participated by telephone. The matter was not resolved, and the FAA Administrator issued an order suspending his license for ninety days.

Gilbert appealed that order to the NTSB. An NTSB Administrative Law Judge (ALJ) conducted a full evidentiary hearing and affirmed the Administrator's order of suspension in its entirety.

Gilbert then filed a timely notice of appeal from the ALJ's decision to the full Board. Gilbert obtained one extension of time in which to file his appellate brief. Pursuant to this extension, his brief was due on Friday, January 7, 1994. Under the Board's rules, Gilbert could comply by mailing his brief postmarked on that day.

On that day, Gilbert's counsel was in California working on another case. He had a laptop computer with him which contained the brief. He was unable to print the brief, however, because of a printer compatibility problem. After discovering the problem, he did not attempt to contact the FAA or the NTSB in Washington, D.C., because he assumed, probably correctly, the offices had closed for the day. He filed the brief by mailing it to the NTSB the following Monday. He did not attempt to obtain an additional extension and did not mention the late filing.

The FAA moved for dismissal of the appeal on the ground that Gilbert's brief was not timely filed. The NTSB granted the motion. The NTSB stated that, while Gilbert may have demonstrated good cause for not filing the brief on time, he did not demonstrate good cause for failing to request an additional extension before the filing deadline.

## DISCUSSION

### A. Jurisdiction

■ We first determine whether we have jurisdiction to review Gilbert's constitutional claims raised for the first time in this court. He argues the FAA denied him due process by temporarily suspending his license without giving him adequate notice and an opportunity to be heard. He also argues he was denied due process because the NTSB is without legal authority to dismiss an appeal for a "minor procedural defect" without a showing of prejudice.

The FAA argues Gilbert lost his ability to raise his constitutional claims before this court because he did not perfect a timely appeal to the full Board. As a result, the FAA argues, our jurisdiction is limited to deciding whether the Board acted arbitrarily or capriciously by dismissing Gilbert's appeal.

Gilbert argues we have jurisdiction to consider his constitutional claims because the NTSB was without the power or jurisdiction to consider them. Because the NTSB could not consider his constitutional claims, he argues, he was not required to present them to that agency in order to obtain judicial review.

■ Generally, challenges to the constitutionality of a statute or a regulation promul-

gated by an agency are beyond the power or the jurisdiction of an agency. *Reid v. Engen*, 765 F.2d 1457, 1461 (9th Cir.1985); *Liu v. Waters*, 55 F.3d 421, 425 (9th Cir.1995). Because the agency lacks the authority to review such claims, a petitioner need not exhaust the claims before seeking judicial review. *Howard v. FAA*, 17 F.3d 1213, 1218 (9th Cir.1994). Thus, in conjunction with a properly appealed adjudicative order from the NTSB, we may consider constitutional claims, regardless of whether the petitioner presented the claims to the NTSB. *See Greve v. CAB*, 378 F.2d 651, 656 (9th Cir. 1967).

Here, Gilbert challenges the constitutionality of the procedures used by the FAA and the NTSB. Those agencies are without the power or jurisdiction to adjudicate these constitutional claims. *Cf. Reid*, 765 F.2d at 1461. If judicial review were not permitted, Gilbert would be deprived of a forum in which to raise his constitutional claims. *Cf. Clark v. Busey*, 959 F.2d 808, 811 (9th Cir. 1992) (concluding appellate courts have exclusive jurisdiction over claims subject to review under section 1153(a)); *Roundtree v. United States*, 40 F.3d 1036, 1038 (9th Cir. 1994) (same).

■ A petitioner, however, may not obtain judicial review simply by invoking the term "due process." As we recognized in *Reid*, due process "is not a talismanic term which guarantees review in this court of procedural errors correctable by the administrative tribunal." 765 F.2d at 1461. If the alleged constitutional violation amounts to a mere procedural error, which the NTSB could have remedied if properly presented to the NTSB, a petitioner may not obtain judicial review by asserting the error amounted to a deprivation of due process. *Id.*

In the present appeal, Gilbert's claims do not allege mere procedural errors. He challenges the due process afforded him by the FAA prior to imposition of the suspension of his pilot's license. He also challenges, on due process grounds, the NTSB's authority to adopt a strict procedural rule for the dismissal of his appeal for what he characterizes as a minor procedural, nonprejudicial defect. Therefore, we will address Gilbert's constitutional claims.[1] We review these claims de novo. *Henderson v. FAA*, 7 F.3d 875, 879 (9th Cir.1993); *Go Leasing v. NTSB*, 800 F.2d 1514, 1517 (9th Cir.1986).

### B. Notice and Opportunity to Be Heard

■ Before temporarily suspending Gilbert's license, the FAA sent him a written "notice of proposed certificate action," informing him that an investigation had revealed safety violations and that the FAA intended to temporarily suspend his license. The notice also provided Gilbert with the option of an informal conference before imposition of the suspension.

We have previously concluded that this procedure of written notice and an informal conference does not deprive a petitioner of due process. *Reid*, 765 F.2d at 1463; *Greenwood v. FAA*, 28 F.3d 971, 975 (9th Cir.1994). Further, Gilbert had a full evidentiary hearing before an ALJ and an opportunity to appeal the ALJ's decision to the full Board and to this court before the suspension was imposed. Gilbert's first due process claim, therefore, lacks merit.

### C. NTSB's Adoption of Strict Filing Deadlines

■ Gilbert next argues that due process precludes the NTSB from adopting and enforcing a strict procedural rule which permits it to dismiss an appeal for failure to file a timely brief, when no prejudice from a late filing would result. We reject this argument.

The NTSB is free to adopt and enforce a strict procedural rule, so long as it applies the rule uniformly or with reasoned distinctions. *Green Country Mobilephone v. FCC*, 765 F.2d 235, 237 (D.C.Cir.1985); *Hooper v. NTSB*, 841 F.2d 1150, 1151 n. 2 (D.C.Cir. 1988). In *Hooper*, the D.C. Circuit conclud-

---

1. We note these claims are appropriate for our present review because the issues are purely legal and the record is sufficiently developed for resolution of the issues. *See Watson v. NTSB*, 513 F.2d 1081, 1082 (9th Cir.1975) (noting appellate courts may exercise jurisdiction over legal challenges to FAA's actions); *Greenwood v. FAA*, 28 F.3d 971, 978 (9th Cir.1994) (declining review when administrative record not developed to permit evaluation of constitutional claim).

ed the NTSB acted arbitrarily and capriciously by not uniformly applying its strict deadline rule. *Hooper*, 841 F.2d at 1151. The court stated, however, that the NTSB has the authority to adopt and apply a strict procedural rule if the rule is applied uniformly or with a "principled justification for non-uniformity." *Id.* at 1151 n. 2. The court also stated that before applying the strict rule the NTSB would have to publicly announce it intended to enforce the strict rule uniformly. *Id.* On remand, the NTSB announced that it intended to uniformly enforce its policy of dismissing, absent a showing of good cause, any appeal when the party failed to file a timely notice of appeal, appellate brief, or request for extension. *Administration v. Hooper*, 6 N.T.S.B. 559 (1988).

Gilbert has presented no evidence that the NTSB has failed to apply its dismissal policy consistently.[2] The NTSB, therefore, is free to enforce its strict rule. Gilbert's second constitutional claim also fails.

### D. The NTSB's Application of Its Strict Rule to Gilbert

 We turn now to Gilbert's argument that the NTSB acted arbitrarily and capriciously by applying its strict rule to dismiss his appeal because he did not file a timely appellate brief or request an additional extension before expiration of the filing deadline.

■ We may set aside the NTSB's dismissal if it was arbitrary or capricious. 5 U.S.C. § 706(2)(A); *Union Flights v. FAA*, 957 F.2d 685, 686–88 (9th Cir.1992). Review under this standard is "narrow." *Union Flights*, 957 F.2d at 687. We must determine whether the NTSB "articulate[d] a satisfactory explanation for its action, including a 'rational connection between the facts found and the choice made.' " *Sierra Pacific Indus. v. Lyng*, 866 F.2d 1099, 1105 (9th Cir.1989) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 2866–67, 77 L.Ed.2d 443 (1983)). The NTSB's decision must be based on the relevant factors and may not consti-

tute a clear error of judgment. *Sierra Pacific*, 866 F.2d at 1105.

The NTSB determined good cause did not exist for Gilbert's failure to request an extension before the expiration of the filing deadline. When his counsel discovered that he could not print his brief, he easily could have written out, by hand, an extension request and mailed it before the midnight deadline. Certainly that would have imposed no greater burden on him than printing his brief and mailing it. Nevertheless, he failed to make any effort at all to obtain an extension. He simply filed his brief out-of-time without disclosing the late filing, and even then he did not request an extension of time within which to file it. In fact, he did not do so until the late filing was called to the NTSB's attention by the FAA. In these circumstances, we conclude the NTSB did not act arbitrarily or capriciously by determining that Gilbert had failed to establish good cause for failing to request an additional extension of time before the filing deadline. Nor did the NTSB act arbitrarily or capriciously by strictly enforcing its filing deadline, which resulted in the dismissal of Gilbert's appeal. *Cf. Union Flights*, 957 F.2d at 688.

Review DENIED.

---

**2.** Gilbert's assertion that the NTSB has a "secret procedure" by which the FAA can obtain extensions by telephone is unfounded. Pursuant to 49 C.F.R. § 800.24(b), the NTSB's office of general counsel has the authority to grant oral requests for extensions. Gilbert did not present evidence that this procedure is "secret." In fact, Gilbert orally requested the first extension.