107 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven Royal EGGER, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; Federal Aviation
Administration, Respondents.
 No. 95-70550.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1996.*
Decided Jan. 28, 1997.
 
 Before: BROWNING, SKOPIL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven Egger ("Egger") challenges an Order of Suspension of his airman's certificate issued by the administrator of the Federal Aviation Administration ("FAA") on August 26, 1993. Egger appealed, and the National Transportation and Safety Board ("NTSB") affirmed the Order, but reduced the suspension from one hundred eighty days to sixty days. Egger claims that the FAA denied him constitutional and statutory due process and that the NTSB's findings lack substantial evidence.
 
 DISCUSSION
 I.
 
 3
 Egger argues that 49 U.S.C. § 44709(c) violates the Due Process Clause by failing to guarantee him a hearing before an impartial decision-maker prior to the suspension of his license. Section 44709(c) provides:
 
 
 4
 Advice to certificate holders and opportunity to answer.--Before acting under subsection (b)[1] of this section, the Administrator shall advise the holder of the certificate of the charges or other reasons on which the Administrator relies for the proposed action. Except in an emergency, the Administrator shall provide the holder an opportunity to answer the charges and be heard why the certificate should not be amended, modified, suspended, or revoked.
 
 
 5
 Egger's claim is without merit, as this court has previously held that § 44709(c) satisfies the requirements of the Due Process Clause. Reid v. Engen, 765 F.2d 1457, 1461 (9th Cir.1985); see also Gilbert v. National Transp. Safety Bd., 80 F.3d 364, 367 (9th Cir.1996) ("We have previously concluded that this procedure of written notice and an informal conference does not deprive a petitioner of due process."); Greenwood v. Federal Aviation Admin., 28 F.3d 971, 975 (9th Cir.1994) ("Although the notice and opportunity to discuss the suspension came after the suspension was imposed rather than prior to it, the suspension was a necessary safety measure, and the notice, counselling, and removal of the suspension followed promptly."); Go Leasing, Inc. v. National Transp. Safety Bd., 800 F.2d 1514, 1523 (9th Cir.1986) (citing Reid with approval).
 
 II.
 
 6
 Egger also argues that even if § 44709 itself does not violate the Due Process Clause, that the Administrator's notice failed to meet the statutory process requirements. First, Egger argues that he "was never informed that the purported informal conference was actually his one and only opportunity to be heard before the agency issued its sanction decision." Indeed, Egger suggests that he was entitled to a second opportunity to demand a hearing once he retained counsel. Second, the notice did not explain that the "informal discussion" option in box four was actually the statutorily-mandated hearing. Third, the notice did not explain that he could check more than one box. Finally, the "informal discussion" would have taken place in Los Angeles instead of Hawaii.
 
 
 7
 Each of these complaints is a reargument of the constitutional due process claim, rather than a separate argument that the FAA failed to satisfy the statute. The statute requires only that Egger be given notice and an opportunity to be "heard why the certificate should not be amended, modified, suspended, or revoked." These requirements were met by the Administrator. In this case Egger received the procedural guarantees afforded to him by the statute, which has long been held to satisfy the requirements of the Due Process Clause. Egger also received a thorough evidentiary hearing before the National Transportation Safety Board. He has been given an opportunity to present evidence and to testify regarding the incident. Indeed, Egger's presentation was effective enough to have his suspension reduced to one-third of its original length.
 
 III.
 
 8
 Finally Egger argues that there was insufficient evidence to support a finding that he violated either 49 C.F.R. § 91.13(a) or 49 C.F.R. § 91.119(a). The Board's factual findings are conclusive when supported by substantial evidence in the record. 49 U.S.C. § 1486(e); Essery v. Department of Transp., 857 F.2d 1286, 1288 (9th Cir.1988). Substantial evidence means more than a mere scintilla but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Desrosiers v. Secretary, 846 F.2d 573, 576 (9th Cir.1988). Although deferential to the agency, the substantial evidence standard requires the appellate court to review the administrative record as a whole, weighing the evidence that supports the agency's determination as well as the evidence that detracts from it. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir.1988).
 
 
 9
 The Administrator charged Egger with violation of 14 C.F.R. §§ 91.13(a) and 91.119(a). Section 91.119(a) provides:
 
 
 10
 § 91.119 Minimum safe altitudes: General
 
 
 11
 Except when necessary for takeoff or landing, no person may operate an aircraft below the following altitudes:
 
 
 12
 (a) Anywhere. An altitude allowing, if a power unit fails, an emergency landing without undue hazard to persons or property on the surface.
 
 
 13
 Where the alleged violation of Section 91.119 involves a landing, the Administrator must show that the landing site was unsuitable. Administrator v. Harrington, 1992 WL 429078 (NTSB 1992), NTSB Order No. EA-3767, pet. for review denied, 29 F.3d 633 (9th Cir.1994). Egger argues that no factual basis exists to justify a finding that the landing area was unsuitable.
 
 
 14
 Contrary to Egger's argument, the FAA's expert, Mr. Meier, did testify that the landing area was unsuitable. Specifically, he testified that the landing site was unsuitable because of the lack of crowd control during the landing, the presence of people, including children, in the immediate vicinity of the parking lot, and the lack of an alternate landing site in the event of a power unit failure. Egger argues that his passenger provided crowd control. Of course, his passenger could not have provided crowd control until the helicopter actually landed. During the time the helicopter made its landing, it is undisputed that there was no crowd control. Several eyewitness testified that there were people in the immediate vicinity of the parking lot. Egger clearly disagrees with this testimony, but the ALJ found it credible; accordingly, there is substantial evidence to support the finding of a violation of Section 91.119(a).
 
 
 15
 The Administrator also charged Egger with violation of Section 91.13(a), which provides:
 
 
 16
 § 91.13 Careless or reckless operation.
 
 
 17
 (a) Aircraft operations for the purpose of air navigation. No person may operate in a careless or reckless manner so as to endanger the life or property of another.
 
 
 18
 Once a violation of Section 91.119(a) has been shown, there is no need for separate proof of Section 91.13(a). Hinson v. McColl, 1995 WL 55409 (NTSB 1995) ("The carelessness charge [§ 91.13(a) ] in this cause is derivative and need not be separately proved.")
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Subsection (b) gives the Administrator of the FAA the authority to suspend an airman's certificate:
 (b) Actions of the Administrator.--The Administrator may issue an order amending, modifying, suspending, or revoking--
 (1) any part of a certificate issued under this chapter if--
 (A) the Administrator decides after conducting a reinspection, reexamination, or other investigation that safety in air commerce or air transportation and the public interest require that action;