TINKER AIR FORCE BASE, Oklahoma City Logistics Center, Oklahoma City, Oklahoma, Petitioner,

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

Nos. 01–9528, 02–9515.

United States Court of Appeals, Tenth Circuit.

Nov. 4, 2002.

William Kanter, Sandra Wien Simon, Robert D. McCallum, Jr., United States Department of Justice, Washington, DC, for Tinker Air Force Base, Oklahoma City Logistics Center, Oklahoma City, Oklahoma.

General Counsel, William R. Tobey, David M. Smith, Solicitor, James F. Blandford, Federal Labor Relations Authority, Washington, DC, for Federal Labor Relations Authority.

Kevin M. Grile, American Federation of Government Employees, AFL–CIO, Chicago, IL, for American Federation of Government Employees, Local 916.

Before SEYMOUR, HOLLOWAY and EBEL, Circuit Judges.

## ORDER AND JUDGMENT*

EBEL, Circuit Judge.

Petitioner Tinker Air Force Base (Tinker AFB) seeks review of a determination by the Federal Labor Relations Authority (FLRA) that Tinker AFB committed an unfair labor practice. The FLRA cross-petitioned for enforcement of its order and moved to dismiss Tinker AFB's petition asserting that this court lacks subject matter jurisdiction to consider the petition. We DISMISS Tinker AFB's petition because we lack jurisdiction to consider it and we GRANT the FLRA's request that we enforce its order.

### BACKGROUND

This case arose out of a complaint filed with the FLRA by the American Federation of Government Employees, Local 916, alleging that Tinker AFB violated 5 U.S.C. § 7116(a)(1) and (8) by having formal discussion with members of the bargaining unit without affording the union notice of the discussions and an opportunity to participate as required by 5 U.S.C. § 7114(a)(2)(A). An Administrative Law Judge heard the case and issued a recommended decision concluding that Tinker AFB violated the statutes.

Tinker AFB attempted to file exceptions to the ALJ's recommended decision but failed timely to file them with the correct division of the FLRA. When the FLRA discovered that it had not received Tinker AFB's exceptions, the FLRA issued an order to show cause directing Tinker AFB to explain why the FLRA should not, in the absence of timely exceptions, adopt the findings, conclusions, and recommendations of the ALJ as the decision and order of the Authority pursuant to 5 C.F.R. § 2423.41(a). In its response to the show cause order, Tinker AFB attached a copy of the exceptions it had attempted to file and explained that its failure properly to file the exceptions resulted from their being incorrectly addressed. The FLRA rejected this explanation as insufficient to correct the default, dismissed the exceptions as untimely filed, and adopted the findings, conclusions, and recommendations of the ALJ as its own decision and order.

### DISCUSSION

This court's jurisdiction to review orders of the FLRA is established by 5 U.S.C. § 7123, but the jurisdictional grant of that section is limited. Absent "extraordinary circumstances," if a party fails to raise an objection with the FLRA, we cannot review the issue on appeal. "No objection that has not been urged before the Authority, or its designee, shall be considered by the court, unless the failure or neglect to urge such objection is excused because of extraordinary circumstances." 5 U.S.C. § 7123(c); *EEOC v. FLRA*, 476 U.S. 19, 23, 106 S.Ct. 1678, 90 L.Ed.2d 19 (1986) (holding that 5 U.S.C. § 7123(c) is a jurisdictional provision and that "review of issues that an agency never placed before

* This panel has determined unanimously that oral argument would not materially assist the determination of the motion to dismiss. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, ex-

cept under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the Authority is barred absent extraordinary circumstances"). The FLRA argues in its motion to dismiss that Tinker AFB failed to raise its objections before the FLRA because they were not filed in time. (Mot. to Dismiss at 6–9.) The FLRA further argues that this court should dismiss Tinker AFB's petition because no "extraordinary circumstances" existed to excuse Tinker AFB's failure to raise its exceptions before the Authority. (*Id.* at 10–12.)

Tinker AFB makes two arguments in opposition to the motion to dismiss. First, it argues that an "extraordinary circumstance" does, in fact, exist such that we are permitted to review the case pursuant to 5 U.S.C. § 7123. (Opp'n to Mot. at 4–9; Pet. B. at 19–24.) Second, it claims that the FLRA abused its discretion in not accepting Tinker AFB's exceptions despite the fact they were late. (*Id.* at 9–10; Pet. B. at 24–26.)

## A. Tinker AFB's Failure to Timely File its Exceptions

Tinker AFB concedes that it did not file its exceptions in the fashion required by FLRA regulations. (Opp'n to Mot. at 9; Pet. B. at 24.) Exceptions to an ALJ's decision must be filed with the FLRA within 25 days after the date of service of the ALJ's decision. 5 CFR § 2423.40(a). Five days are added to this deadline when, as in this case, the ALJ's decision and order is served by mail. 5 CFR § 2429.22. The ALJ served his decision on the parties by mail on March 27, 2001. Although 30 days from March 27, 2001 was April 26, 2001 (a Thursday), the ALJ gave Tinker AFB until April 30, 2001 (a Monday) to file its exceptions. (Mot. to Dismiss, Ex. 2 at 2.) Tinker AFB did not file its exceptions until May 16, 2001.

In addition to establishing the time period during which exceptions must be filed, FLRA regulations clearly specify how filings with the FLRA are to be made. The FLRA regulations state that "All documents filed or required to be filed with the Authority shall be filed in accordance with § 2429.24(a) of this subchapter." 5 C.F.R. § 2429.21(c). Section 2429.24(a) tells parties how to file papers with the FLRA:

All documents filed or required to be filed with the Authority pursuant to this subchapter shall be filed with the Director, Case Control Office, Federal Labor Relations Authority, Docket Room, suite 415, 607 14th Street, NW., Washington, D.C. 20424–0001 between 9 a.m. and 5 p.m., Monday through Friday (except Federal holidays).

5 CFR § 2429.24(a).

The time and manner of filing, besides being clearly established in FLRA regulations, were highlighted for Tinker AFB by the ALJ in his Notice of Transmittal of Decision. The ALJ's Notice said:

PLEASE BE ADVISED that the filing of exceptions to the attached Decision is governed by 5 C.F.R. §§ 2423.40–2423.41, 2429.12, 2429.21–2429.22, 2429.24–2429.25, and 2429.27.

Any such exceptions must be filed on or before APRIL 30, 2001, and addressed to:

Federal Labor Relations Authority
Office of Case Control
607 14th Street, NW., Suite 415
Washington, D.C. 20424–0001

(Mot. to Dismiss, Ex.2 at 2.)

Despite the clear requirements of FLRA regulations, and the explicit reference to those regulations and requirements by the ALJ in his Notice of Transmittal, Tinker AFB failed to file its objections in time. The FLRA's Case Control Office first received Tinker AFB's objections on May 16, 2001—more than two weeks late—when they were filed with Tinker AFB's response to the FLRA's show cause order.

*Tinker AFB simply failed to follow the rules and sent its exceptions to the wrong place.* It did not address its submission to the Case Control Office and it sent them to Room 440 instead of suite 415. (*Id.,* Ex. 4 at 3.).

Although Tinker AFB concedes that it failed to timely file its objections, it attempts to explain away its failure by calling its omission of the correct address "de minimis." (Opp'n to Mot. at 9.) We fail to see, however, why this error should be considered small. The FLRA has organized itself to receive filed papers at a particular location by particular times, it has issued regulations requiring all parties to file their papers at this location by the stated times, and the ALJ reminded Tinker AFB of these requirements when he issued his decision. Despite these facts, Tinker AFB sent its papers to the wrong location, one not designated to receive them, and presumably one not equipped to correctly deliver the papers for Tinker AFB, or perhaps even to recognize what they were. By sending its exceptions to the wrong place, they were not received by the FLRA by the deadline. Only after Tinker AFB attached its exceptions to its response to the show cause order, which was properly filed with the Case Control Office, did the FLRA receive the exceptions. Moreover, there is no explanation for this error when the correct mailing information is specified by the Authority's rules and it was repeated to Tinker AFB by the ALJ.

**B. Abuse of Discretion**

■ Tinker AFB argues that it was an abuse of discretion for the FLRA not to waive the expired time limit and accept Tinker AFB's late filing of its exceptions. (Opp'n to Mot. at 9; Pet. B. at 24.) FLRA regulations permit the Authority to "waive any expired time limit ... in extraordinary circumstances." 5 C.F.R. § 2429.23(b). Tinker AFB, however, offers no explanation of what extraordinary circumstances might have existed to warrant a waiver in its case. Instead, Tinker AFB tries to minimize its failure to abide by the requirements of the regulations by calling its failure to send its exceptions to the correct place a "de minimis" oversight. (Opp. at 9.) We must conclude that, when Tinker AFB cannot make even the barest showing of "extraordinary circumstances," the FLRA did not abuse its discretion by refusing to waive its filing regulations.

Tinker AFB further contends that enforcement of the FLRA's regulations about the time and place of filings "elevates form over substance and amounts to an abuse of discretion." (Opp. at 10.) Yet, the general rule is well established that reviewing courts will not overturn an agency's strict application of its own procedural regulations so long as the rule is applied uniformly or with reasoned distinctions. *See, e.g., Gilbert v. NTSB,* 80 F.3d 364, 367 (9th Cir.1996) (upholding strict application of agency filing deadlines); *Hooper v. NTSB,* 841 F.2d 1150, 1151 n. 2 (D.C.Cir.1988) (same); *Green Country Mobilephone, Inc. v. FCC,* 765 F.2d 235, 237 (D.C.Cir.1985) (same). Here, the evidence is that the Authority consistently applies its filing requirements in a strict fashion. *See, e.g.,* Cross R.B. at 2; *United States Dep't of Agric., Farm Serv. Agency, Kansas City, Mo. and United States Dep't of Agric., Office of the Inspector Gen., Kansas City, Mo.,* 55 F.L.R.A. 22, 22–23 (1998) (refusing to excuse one-day filing delay caused by party's internal mail system); *Dep't of Justice, United States Immigration and Naturalization Serv., United States Border Patrol, El Paso, Tex. and Nat'l Fed'n of Gov't Employees, AFL–CIO, Nat'l Border Control Council,* 40 F.L.R.A. 792, 793 (1991) (considering as untimely exceptions found in the Authority's Case Control Office the morning after they were due without evidence of timely delivery);

*Dep't of the Treasury, Customs Serv., Washington, D.C. and Nat'l Treasury Employees Union,* 38 F.L.R.A. 875, 877 (1990) (dismissing as untimely a filing made forty minutes late due to delays at the courier service hired to deliver the papers). Because Tinker AFB has provided no evidence nor cited any cases indicating that the FLRA enforces its filing regulations inconsistently, we should not overturn its strict enforcement of its regulations. *See Gilbert,* 80 F.3d at 368 ("[Petitioner] has presented no evidence that the NTSB has failed to apply its dismissal policy consistently. The NTSB, therefore, is free to enforce its strict rule."). "[T]he agency's strict construction of a general rule in the face of waiver requests is insufficient evidence of an abuse of discretion." *Mountain Solutions, Ltd. v. FCC,* 197 F.3d 512, 517 (D.C.Cir.1999).

Tinker AFB also urges that its late filing should be excused because that mistake did not cause prejudice to any party. (Pet. B. at 25.) On April 13, 2001, Tinker AFB sent its exceptions to the FLRA as an entity, the Chief ALJ for the FLRA, the General Counsel and Deputy General Counsel, the regional director for the FLRA, the union, and unspecified others. Two of these entities, the union and the counsel for the General Counsel, timely filed oppositions to the exceptions with the case control office. It was the receipt of these responses that prompted the FLRA to issue its show cause order, offering Tinker AFB the opportunity to furnish proof that it had timely filed the exceptions. Tinker AFB contends that this chain of events demonstrates a lack of prejudice that should have resulted in the FLRA's acceptance of the exceptions. However, it is clearly established that "although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling

is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Baldwin Cty Welcome Ctr. v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Tinker AFB has not identified any independent factor that would justify the FLRA's acceptance of the exceptions.

Furthermore, it does not appear that Tinker AFB requested a waiver from the FLRA as contemplated by the regulation. 5 C.F.R. § 2429.23(b) ("Request for a waiver of time limits shall state the position of the other parties and shall be served on the other parties."). A request for a waiver was not made even when Tinker AFB submitted its exceptions more than two weeks late with its response to the FLRA's order to show cause. (Mot. to Dismiss, Ex. 4.) Tinker AFB should not be heard to complain now that it was an abuse of discretion for the FLRA to deny them a waiver they never requested.

### 3. "Extraordinary Circumstances" Under 5 U.S.C. § 7123(c)

■ Absent abuse of discretion by the FLRA, we can hear Tinker AFB's appeal only if its failure to present its exceptions below "is excused because of extraordinary circumstances." 5 U.S.C. § 7123(c); *EEOC,* 476 U.S. at 23, 106 S.Ct. 1678. Tinker AFB argues that one situation that courts have recognized to be an extraordinary circumstance justifying excuse is when it would be futile to present an argument or objection to the FLRA. Tinker AFB claims that it would have been futile to raise the issue it now brings on appeal because "it is abundantly clear that the FLRA ... intends to rule in accordance with its own precedents, which are contrary to petitioner's petition." (Pet. B. at 21; Opp'n to Mot. at 6.)

Many statutes providing for appellate review of agency decisions, in addition to the one at issue here, contain the prohibition on judicial review of an issue not presented to the agency for determination. *See, e.g.,* 29 U.S.C. § 160(e) (restricting judicial review of NLRB decisions when issue was not raised before the Board); 15 U.S.C. § 78y(c)(1) (restricting judicial review of SEC orders when issue was not raised before the Commission). Some courts in some limited situations have recognized the futility doctrine as an exception to the requirement of raising an issue. More relevant here is that fact that futility has been recognized as an "exceptional circumstance" under 5 U.S.C. § 7123(c) warranting excuse of the requirement.[1] *See, e.g., NLRB v. FLRA,* 2 F.3d 1190, 1196 (D.C.Cir.1993).

Tinker AFB argues that it would have been futile to raise its issue below because contrary FLRA precedent made it unlikely that Tinker AFB would have prevailed. In support of this conception of futility, Tinker AFB relies on a single case, *FLRA v. U.S. Dep't of Justice,* 137 F.3d 683, 687–88 (2d Cir.1998), *vacated on other grounds by* 527 U.S. 1031, 119 S.Ct. 2387, 144 L.Ed.2d 789 (1999). In that case, the FLRA argued that, pursuant to 5 U.S.C. § 7123(c), the court of appeals did not have jurisdiction to hear respondent's claims because they made no exceptions before the FLRA to the ALJ's ruling. *Id.* at 687. Recognizing that "extraordinary circumstances" excuse a litigant from presenting an issue to the FLRA when doing so would be futile, the court concluded it would have been so in that case. *Id.* at 688. The court said that it would have been futile for the petitioner to raise the issue below because the FLRA had "fully considered" the issue and made its position clear in prior rulings. Id.

The Second Circuit's conception of futility is broader than that embraced by the Supreme Court and the Tenth Circuit. The Supreme Court, in what the Fifth Circuit has called "[the] most authoritative expression of the rule," *Brotherhood of Railway, Airline, and Steamship Clerks v. St. Louis Southwestern Railway,* 676 F.2d 132–136 (5th Cir.1982), discussed the viability of a futility argument in *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33; 35–67, 73 S.Ct. 67, 97 L.Ed. 54 (1952). In *L.A. Tucker,* a disgruntled truck line sought to invalidate an order by the Interstate Commerce Commission that expanded the route of another truck line. *Id.* at 34, 73 S.Ct. 67. The complaining party argued that the ICC had not complied with provisions of the Administrative Procedure Act in appointing the examiner who approved the disputed order, but this argument was not raised before the examiner or the Commission. *Id.* at 35, 73 S.Ct. 67. The district court vacated the order because of the procedural defect. *Id.* On appeal, the Supreme Court reversed that decision, stating that the complaining party's belief that it would have been futile to raise the issue because of a contrary policy of the ICC did not excuse the party from raising the issue before the Commission:

> It is urged in this case that the Commission had a predetermined policy on this subject which would have required it to overrule the objection if made. While this may well be true, the Commission is obliged to deal with a large number of like cases. Repetition of the objection in them might lead to a change of policy, or, if it did not, the Commission would at

---

1. Although the Tenth Circuit has applied the futility doctrine with respect to review of administrative decisions, we have not been able to find a Tenth Circuit case that applies the doctrine specifically to 5 U.S.C. § 7123(c).

least be put on notice of the accumulating risk of wholesale reversals being incurred by its persistence. Simple fairness to those who are engaged in the tasks of administration, and to litigants, *requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice.*

*Id.* at 37, 73 S.Ct. 67 (emphasis added). While the Second Circuit was correct to state that *L.A. Tucker* did not eliminate the futility doctrine, *FLRA*, 137 F.3d at 688 n. 5, the decision did clearly establish one boundary to the doctrine. *L.A. Tucker* stands for the proposition that a party may not consider it to be futile to lodge an objection before an administrative body simply because the body has precedent which contradicts the party's position.

The Tenth Circuit has applied the futility doctrine consistently with *L.A. Tucker.* For example, in *Urban v. Jefferson County School District R–1*, 89 F.3d 720 (10th Cir.1996), the court rejected a claim that it would have been futile for the plaintiff to have exhausted the administrative process before appealing. The court explained that "[a]dministrative remedies are generally futile or inadequate when plaintiffs allege structural or systemic failure and seek systemwide reforms," and the plaintiff there had made no such claims. *Id.* at 725 (quoting *Ass'n for Community Living in Colo. v. Romer*, 992 F.2d 1040, 1044 (10th Cir.1993)) (quotation marks omitted). This court has also expressly rejected the argument that it amounts to futility to raise an argument seemingly foreclosed by precedent. In *C.E. Carlson, Inc. v. SEC*, 859 F.2d 1429 (10th Cir.1988), we said: "[A]lthough petitioners contend that raising a disparate treatment argument below would have been futile given the SEC's past response, that alone is not a sufficient

ground for presuming futility." *Id.* at 1439 (citing *L.A. Tucker*, 344 U.S. at 37, 73 S.Ct. 67). Academic commentary also has been critical of a futility standard that would "allow a litigant to avoid exhaustion [of administrative remedies] merely because the past pattern of an agency's decisions shows that an agency will probably deny relief." Marcia R. Gelpe, *Exhaustion of Administrative Remedies: Lessons from Environmental Cases*, 53 Geo. Wash. L.Rev. 1, 40 (1984).

Tinker AFB bases its futility argument precisely on a theory that is contrary to the Supreme Court's decision in *L.A. Tucker*, 344 U.S. at 37, 73 S.Ct. 67, and that we have rejected in this circuit: that FLRA precedent made it futile for Tinker AFB to argue its issue below. The issue Tinker AFB raises before us on appeal— and failed to object to below because it improperly filed its exceptions—is whether it constitutes an unfair labor practice for an investigator from the Defense Department to hold interviews with union employees concerning other employees' Equal Employment Opportunity (EEO) complaints while failing to provide the union with notice of the interviews and an opportunity to be represented. (Pet. B. at 2.) According to Tinker AFB, the Ninth Circuit has answered this question, correctly, in the negative in *IRS, Fresno Service Center v. FLRA*, 706 F.2d 1019 (9th Cir. 1983). Subsequently, in a case called *Luke AFB*, the FLRA came to the opposite conclusion, but was overruled by the Ninth Circuit in an unpublished decision. *Luke Air Force Base v. FLRA*, Nos. 98–71173, 98–71347, 1999 WL 1278058 (9th Cir. Dec.30, 1999); Pet. B. at 21–22. Nevertheless, Tinker AFB contends that the FLRA intends to persist in its view that it is an unfair labor practice to conduct EEO investigatory interviews without giving the union an opportunity to be present. How-

ever, as the FLRA points out in its reply brief on the motion to dismiss, the issues here are quite fact specific and there is no showing that the FLRA has prejudged the precise issue in question. Even if Tinker AFB is correct about the FLRA's intentions with respect to this issue, that fact does not amount to futility under *L.A. Tucker* and this circuit's case law.

### D. Enforcement of the FLRA's Order

 When the FLRA concluded that Tinker AFB's response to its order to show cause was not satisfactory and that Tinker AFB's exceptions were untimely, it entered, pursuant to 5 C.F.R. § 2423.41(a), an order adopting the conclusions of the ALJ as its own decision and order. We will overturn the agency's action only if it is arbitrary, capricious, or an abuse of discretion, and we exercise substantial deference when reviewing an agency's application of its own regulations. *Colo. Dep't of Soc. Servs. v. United States Dep't of Health & Human Servs.*, 29 F.3d 519, 522 (10th Cir.1994). Here, we find no basis to upset the FLRA's decision to adopt the ALJ's conclusions. For the reasons explained above, the FLRA did not abuse its discretion in finding that Tinker AFB's exceptions were late—indeed, Tinker AFB concedes that fact—or in refusing to grant Tinker AFB an extension. Under these circumstances, the FLRA's regulation plainly permits it to adopt the conclusions of the ALJ. 5 C.F.R. § 2423.41(a) ("In the absence of the filing of exceptions within the time limits established in § 2423.40, the findings, conclusions, and recommendations in the decision of the [ALJ] shall, without precedential significance, become the findings, conclusions, decision and order of the Authority. . . ."). The FLRA properly adopted the ALJ's decision as its order and, therefore, we grant enforcement of the order.

### CONCLUSION

Tinker AFB is trying to overcome its procedural mistakes below, which resulted in its exceptions being dismissed, by arguing to us that it would have been futile to raise them at all. As the FLRA has observed, this is nothing more than "a *post hoc* attempt by Tinker AFB to escape the consequences of its conceded failure to abide by the Authority's regulations." (Resp. B. at 20.) Because the FLRA did not abuse its discretion in refusing to waive its filing requirements for Tinker AFB and there are no exceptional circumstances present here, we DISMISS Tinker AFB's appeal pursuant to 5 U.S.C. § 7123(c). The cross-petition by the FLRA for enforcement of the order is hereby GRANTED.