Manuel S. DIAZ, Petitioner,

v.

DEPARTMENT OF TRANSPORTATION, National Transportation Safety Board, et al., Respondents.

No. 02–72886.
TRAN No. NTSB–SE–16168.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2003.

Decided April 29, 2003.

Before LEAVY, RYMER, and PAEZ, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM *

Manuel S. Diaz ("Diaz") appeals the August 13, 2002 Final Order of the National Transportation Board ("NTSB") affirming the Federal Aviation Administration's ("FAA") order revoking his aircraft mechanic's certificate. We review decisions issued by the NTSB pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(2)(A), and accordingly will only set aside an agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *Id.* Because the NTSB did not act arbitrarily in affirming the ALJ's application of a good cause standard to Diaz's late-filed answer, and because the NTSB's decision to affirm the revocation penalty without requiring an evidentiary hearing was not arbitrary, we affirm.

I.

Diaz first argues that the application of a good cause standard to a late-filed answer was arbitrary and capricious because in other cases, the NTSB has accepted late filings absent a showing of good cause when the opposing party was not prejudiced by the delay. A decision by the NTSB is arbitrary and capricious if it deviates from its enunciated policy without explanation; however, "the NTSB has the authority to adopt and apply a strict procedural rule if the rule is applied uniformly or with a principled justification for non-uniformity." *Gilbert v. NTSB*, 80 F.3d 364, 368 (9th Cir.1996) (internal quotation marks omitted). Diaz argues that because the NTSB accepts late-filed answers in response to a claim for attorney's fees under the Equal Access to Justice Act (EAJA),[1] *see, e.g., Administrator v. Grant,*

1. The Equal Access to Justice Act, 5 U.S.C. § 504, provides for the award of attorney fees and other expenses to eligible individuals and entities who are parties to certain administra-

N.T.S.B. Order No. EA–3919, 1993 WL 255047 (1993), or late-filed reply briefs, *see, e.g., Administrator v. Ferguson,* N.T.S.B. Order No. EA–4457, 1996 WL 306261 (1996), its decision to apply a good cause standard to late-filed answers in certificate action cases is arbitrary and capricious. *See Administrator v. Heidenreich,* N.T.S.B. Order No. EA–4577, 1997 WL 467374 (1997)(holding that the failure to file a timely answer, absent good cause shown, justified the grant of a motion for summary judgment) and *Administrator v. Browning,* 6 N.T.S.B. 500 (1988) ("In view of the explicitness of the rule and the letter on this point, the Board finds it difficult to accept, as good cause for failure to file a timely answer, respondent's misapprehension of the rules.").

However, a responsive answer to an EAJA attorney's fee request and reply briefs are different from answers in certificate action cases. A claim for attorney's fees pursuant to the EAJA follows a dispositive ruling by the NTSB on the underlying issues in favor of the certificate holder or other party challenging the FAA's actions. EAJA applications are limited to the question of whether the government's position in the underlying administrative proceeding was substantially justified, and are usually resolved on the basis of a written record. Under the NTSB's rules, when a party seeks attorney's fees under the EAJA, "counsel representing the agency against which an award is sought may file an answer to the application .... failure to file an answer within the 30–day period may be treated as consent to the award requested." 49 C.F.R. § 826.32.

Answers in certificate action cases, on the other hand, are the only opportunity for the certificate holder to respond to the substantive issues underlying the FAA's action. Under the regulations governing certificate actions, a respondent must file an answer to the complaint within 20 days of service of the complaint by the FAA Administrator. 49 C.F.R. § 821.31(c). "Failure to deny the truth of any allegation or allegations in the complaint may be deemed an admission of the truth of the allegation or allegations not answered." *Id.* Unlike answers, reply briefs in NTSB appellate proceedings are completely optional filings that are not required. Diaz cannot point to one case in which the NTSB has applied a prejudice standard to a late-filed answer in a certificate action case.

Furthermore, Diaz was on ample notice of not only the deadline for filing a timely answer but also the importance of filing a timely answer; any argument that the NTSB's actions were arbitrary and capricious because it subjected him to deadlines of which he had no notice therefore must fail. After the FAA filed its complaint, the NTSB sent Diaz's attorney a letter enclosing a copy of the Rules governing the procedures in this case. The letter reiterated the importance of filing an answer within 20 days of service and in text that was underlined and in bold capital letters stated that "THE FILING OF A TIMELY ANSWER IS A VERY IMPORTANT STEP IN THE PROTECTION OF RESPONDENT'S APPEAL RIGHTS." Additionally, following Diaz's timely and proper filing of a motion for more definite statement in lieu of an answer, the Administrative Law Judge issued the clearly en-

tive proceedings (adversary adjudications) before the National Transportation Safety Board ... An eligible party may receive an award when it prevails over the Federal Aviation Administration ... unless the Government

agency's position in the proceeding was substantially justified or special circumstances make an award unjust.

49 C.F.R. § 826.1.

titled "Order to File Answer" ordering Diaz to file an answer within ten days of the service of the order.

We therefore conclude that the NTSB's application of a good cause standard to his late-filed answer was not arbitrary or capricious.[2]

## II.

The ALJ's refusal to accept Diaz's late-filed answer resulted in a judgement on the pleadings against Diaz; all of the allegations in the FAA's complaint were deemed true. 49 C.F.R. § 821.17(b). Therefore, the NTSB accepted as true that Diaz made false entries certifying that maintenance tasks had been completed despite the fact that he knew the required inspection protocol had not been properly accomplished. However, Diaz argues that the NTSB erred when it affirmed the ALJ's summary judgment revoking Diaz's certificate because the applicable regulation provides that certificate revocation *or* suspension is an appropriate sanction for intentional falsification. 14 C.F.R. § 43.12(a)(1). (b).

Although the regulations provide that either sanction may be appropriate, because the FAA's publicly available enforcement sanction guidelines state that the appropriate sanction for falsification of records or reports is revocation, the NTSB was required to defer to the FAA's sanction unless it was arbitrary, capricious, or otherwise not according to law. *See* 49 U.S.C. § 44709(d)(3). The law is well-settled that "[a]n Inspection Authorization holder who knowingly misrepresents a logbook entry bearing on the condition of an aircraft ... clearly lacks the judgment a qualified certificate holder is expected and required to possess." *Administrator v. Rice*, 5 N.T.S.B. 2285 (1987). "[O]ne intentionally false log entry would be sufficient, in and of itself, to warrant revocation." *Administrator v. Olsen*, N.T.S.B. Order No. EA–3582, 1992 WL 127810 (1992), *aff'd Olsen v. NTSB*, 14 F.3d 471, 476 (9th Cir.1994). *See also, Administrator v. Berglin*, N.T.S.B. Order No. EA–03846, 1993 WL 97397 (1993).[3] Therefore, the NTSB's order affirming revocation without a hearing was "not an arbitrary deviation from [the NTSB's and FAA's] policy of imposing similar sanctions for similar violations but a reasonable exercise of discretion." *Kolek v. Engen*, 869 F.2d 1281, 1285 (9th Cir.1989).

**2.** We also reject any argument that the circumstances surrounding Diaz's late-filed application constituted good cause. A claim of ignorance by the attorney as to the rules governing proceedings before the ALJ and the NTSB does not amount to good cause. *See Administrator v. Noroozi*, N.T.S.B. Order No. EA–4284, 1994 WL 702206 (1994) ("Duly promulgated regulations provide constructive notice of their requirements, and are legally binding regardless of actual knowledge."). Additionally, here it is uncontested that in its initial letter to Diaz, the NTSB clearly stated that the failure to file an answer within 20 days may be deemed an admission of the truth of the allegations in the complaint. Although we note that Diaz was represented by counsel, reliance on an attorney does not constitute a valid excuse for a failure to abide by the regulations. *See Administrator v. Wilson*, N.T.S.B. Order EA–4314, 1995 WL 55419 (1995). *See also Administrator v. Hamilton*, N.T.S.B. Order EA–3496, 1992 WL 40515 (1992).

**3.** Despite this case law, Diaz argues that in the absence of an evidentiary hearing, the factual determinations necessary for selecting between revocation and suspension remained unresolved. However, because all of the allegations in the complaint were deemed true, no material facts regarding Diaz's intentional falsification remain unresolved. In light of the FAA's and NTSB's regular pattern of revoking certificates under similar facts, the imposition of the ultimate sanction of revocation here was not arbitrary and capricious.

For the reasons stated above, the NTSB's Order revoking Diaz's aircraft mechanic's certificate is AFFIRMED.