Willis Dean **HADLEY**, Petitioner,

v.

Marion C. **BLAKEY**, Administrator of the Federal Aviation Administration, Respondent.

No. 04–70601.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Decided Dec. 22, 2005.

Sandra A. Groven, Attorney at Law, Bruce W. Blakely, Flaxman & Blakely, Mill Valley, CA, for Petitioner.

James A. Barry, Washington, DC, for Respondent.

Before: FARRIS, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Willis Hadley petitions for review of the National Transportation Safety Board's determination that he failed to file within the required period his notice of appeal from an order of the Administrative Law Judge upholding a ninety-day suspension of his private pilot certificate. He claims due process and regulatory violations. We deny the petition for review.

We must determine whether the Board's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). We generally do not consider issues not raised before the Board, unless there was a reasonable ground for not raising them. 49 U.S.C. § 1153(b)(4). Constitutional issues that lie beyond the competence of the Board need not have been raised below to be considered. *Gilbert v. Nat'l Transp. Safety Bd.*, 80 F.3d 364, 366–67 (9th Cir.1996). However, "[i]f the alleged constitutional violation amounts to a mere procedural error, which the NTSB could have remedied if properly presented to the NTSB, a petitioner may not obtain judicial review by asserting the error amounted to a deprivation of due process." *Id.* at 367.

An Administrative Law Judge's decision may be appealed to the Board by filing a notice of appeal within ten days of the written decision being served. 49 C.F.R. § 821.47. The Board has a policy of dismissing all untimely appeals and requests for extensions of time unless there is a showing of good cause. *Adm'r v. Hooper*, 6 N.T.S.B. 559 (1988). The Board does not violate due process by enforcing this rule so long at it does so uniformly or non-uniformly in a principled way. *Gilbert*, 80 F.3d at 367–68.

Hadley claims that the finding that he failed to show good cause for filing late was arbitrary and capricious and a violation of due process. Service of the Administrative Law Judge's order occurred on September 4, 2003 and, consequently, a notice of appeal was due on September 15. Hadley argues that the Board entered a modified order on September 9. Even accepting the argument and assuming that Hadley's September 22 filing was received by the Board, it was late by three days. Hadley's October 22 request for an "appeal extension" was late by thirty-seven days or thirty-three days if we accept his argument regarding the modified order.

■ The Board's decision is supported by the record. Although Hadley did reference his injures, he made no showing that he was unable to make the required filing as a result. At best, his argument amounts to a claim that he was required to act quickly in a circumstance where action was difficult and, consequently, he did not attempt to meet the deadline or request an extension. Though time was short and Hadley was injured, filing a notice of appeal or request for an extension of time (which can be made orally to the Board's General Counsel, 49 C.F.R. § 821.11(c)) is not so onerous that the Board's decision was an abuse of discretion. *See Gilbert*, 80 F.3d at 368 (refusing to find good cause where an attorney "made no effort at all to obtain an extension"). The Board's decision is in conformity with previous applications of the time restriction. There was no violation of due process. *See id.*

■ Hadley also contends that the Federal Aviation Administration and the Administrative Law Judge erred in not considering his untimely opposition to the motion for summary judgment, and as a

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

result deprived him of due process. His claim in its essence is one of procedural error, dressed in due process garb. Hadley has asserted no reasonable grounds for failing to assert this claim before the Board even in papers filed well after he was released from the hospital. His assumption that he was granted an extension of time to file an opposition was unjustified.

Hadley also claims that his suspension was an excessive punishment in violation of due process. This claim too has been waived. An assertion that a sanction was excessive is "an argument that could have been made to the NTSB." *Reid v. Engen,* 765 F.2d 1457, 1461 (9th Cir.1985). Again, there are no reasonable grounds asserted for Hadley's failure to raise this claim before the Board.

Hadley makes a final claim that the Federal Aviation Administration's issuance and subsequent revocation of an Emergency Order of Suspension and Notice of Proposed Certificate Action, followed by another Notice of Proposed Certificate Action, the Order of Suspension, and Amended Order of Suspension violated due process. He claims that these documents demonstrate that the Federal Aviation Administration did not understand its own rules and was disorganized. In the absence of some showing of a deprivation of some right, this claim is without merit.[1]

Petition for review DENIED.

---

1. In addition, this correspondence was not made part of the administrative record before us. Petitioner has moved that we take judicial notice of these documents (and an additional memorandum prepared by an FAA inspector) or, in the alternative, that the record be supplemented. Since these documents are not relevant to any valid claim for relief, we deny this motion.

