Morton L. FRIEDMAN; et al.,
Plaintiffs–Appellants,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,
Defendant–Appellee.

No. 05–15664.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2007 *.

Filed Feb. 15, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

John Panneton, Esq., Friedman, Callard, Cutter & Panneton, Sacramento, CA, for Plaintiffs–Appellants.

John T. Stahr, Esq., Martha C. Mann, Esq., Tara S. Mcbrien, Esq., DOJ—U.S. Department of Justice Environment & Natural Resources Division, Washington, DC, Edmund F. Brennan, Esq., USSAC—Office of the U.S. Attorney, Sacramento, CA, for Defendant–Appellee.

Before: REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Plaintiffs Morton Friedman and Schmitt Construction appeal the district court's grant of summary judgment upholding the decision of the Environmental Appeals Board. The Board had found plaintiffs' removal of asbestos from their demolition site violated the Clean Air Act, 42 U.S.C. §§ 7412, 7414, and the National Emissions Standards for Hazardous Air Pollutants (NESHAP), 40 C.F.R. Part 61, subpart M. Plaintiffs contend that they did not have fair notice of the NESHAP regulations. We now affirm.

■ We review de novo the district court's grant of summary judgment up-

holding agency action. *See Pit River Tribe v. U.S. Forest Service,* 469 F.3d 768, 778 (9th Cir.2006). We do not afford deference to an agency's determination that it has properly respected plaintiffs' due process rights. As a result, we review de novo plaintiffs' fair notice claim. *See Carpenter v. Mineta,* 432 F.3d 1029, 1032 (9th Cir.2005); *Gilbert v. National Transp. Safety Bd.,* 80 F.3d 364, 367 (9th Cir.1996).

■ Due process requires that the EPA give "fair notice of what conduct is prohibited before a sanction can be imposed." *Newell v. Sauser,* 79 F.3d 115, 117 (9th Cir.1996). Plaintiffs had fair notice of the federal regulation at issue. First, that regulation—40 C.F.R. § 61.145(a)—was published in the *Federal Register.* Such publication satiates any notice concerns. *See State of California ex rel. Lockyer v. F.E.R.C.,* 329 F.3d 700, 707 (9th Cir.2003). Second, the regulation was not so nebulous as to prevent the reasonably prudent person from identifying the standards at issue. In 40 C.F.R. § 61.145(a), NESHAP defines the precise amount of asbestos-containing material necessary to trigger enforcement and identifies the manner in which that amount shall be calculated. Plaintiffs cite to no conflicting interagency rules or interpretations that diverge from its plain meaning.

■ Plaintiffs' argument that an inconsistent local air pollution rule defeats any conclusion of fair notice is without merit. The Due Process Clause does not impose a duty on the EPA to inform plaintiffs that Sacramento's local standards were inconsistent with its own. The EPA is responsible only for ensuring that its standards were properly published and reasonably ascertainable in the *Federal Register.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Furthermore, although NESHAP provides a mechanism for states and localities to seek federal recognition of a regional air pollution program, *see* 40 C.F.R. § § 63.90, 63.91(b), there is no evidence that such mechanism was invoked here. Plaintiffs had fair notice that NESHAP's standards governed their conduct in full force, and were not supplanted by any local rules.

Finally, the Clean Air Act announces that "[n]othing in this subsection shall prohibit the Administrator from enforcing any applicable emission standard or requirement under this section." 42 U.S.C. § 7412(*l*)(7); *see also* 40 C.F.R. § 63.90(d)(2) (same). Plaintiffs had fair notice that the EPA explicitly reserved the authority to enforce NESHAP independently of any contrary local rules.

AFFIRMED.

---

\*\*\* The Honorable Alfred V. Covello, Senior United States District Judge for the District of Connecticut, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.