**John Allan CURRAN, Jr., Petitioner,**

v.

**NATIONAL TRANSPORTATION APPEALS BOARD; Federal Aviation Administration, Respondents.**

No. 06–72904.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2008.*

Filed Feb. 12, 2008.

Glynn P. Falcon, Esq., Palo Alto, CA, for Petitioner.

James F. Conneely, Esq., Susan S. Caron, Attorney, Federal Aviation Administration Office of the Chief Counsel, General Counsel, Litigation Division, Washington, DC, for Respondents.

Before: HALL, GRABER, and BERZON, Circuit Judges.

MEMORANDUM **

John Curran has petitioned this court for review of the National Transportation Safety Board's ("NTSB") dismissal of his appeal of the 120–day suspension of his commercial pilot certificate. The NTSB dismissed Curran's appeal because he did not file a timely appeal brief or provide good cause for untimeliness of his appeal brief. *See* 49 C.F.R. § 821.48(a).

This court has recognized that the NTSB has a policy of "uniformly … dismissing, absent a showing of good cause, any appeal when the party failed to file a timely notice of appeal, appellate brief, or request for extension." *Gilbert v. Nat'l Transp. Safety Bd.,* 80 F.3d 364, 368 (9th Cir.1996) (citing *Adm'r v. Hooper,* 6 N.T.S.B. 559, 560 (1988)). Where the NTSB dismisses an appeal for failure to file a timely brief, this court's jurisdiction is restricted (1) to deciding if the NTSB's order dismissing an appeal as untimely was arbitrary or capricious, *see* 49 U.S.C. § 1153(b)(4); and, if not, (2) to addressing a limited number of substantive issues, such as constitutional claims, raised on appeal that the NTSB could not have addressed. *See Gilbert,* 80 F.3d at 367–68.

The NTSB's decision to dismiss Curran's appeal was not arbitrary or capricious. Curran was warned about the timeliness requirement numerous times, the brief was several weeks late, and no cause, let alone good cause, was suggested for the late filing.

Nor is there any issue raised on appeal that could not have been litigated before the NTSB. Insofar as Curran attempts to raise a due process claim regarding the Administrative Law Judge's ("ALJ") bias and improper reliance on personal experience, Curran in fact raises a procedural claim which the NTSB could have decided had the claim been properly presented. *See Gilbert,* 80 F.3d at 367; *Reid v. Engen,* 765 F.2d 1457, 1461 (9th Cir.1985); 49 C.F.R. § 821.49(a). Thus, the issue should have been properly raised with the NTSB, and this court may not consider it now.

We note that, even if this court were to consider Curran's claim that the ALJ was

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

biased and impermissibly relied on personal experience, we would hold that there was no violation of Curran's due process rights. The ALJ's remarks that are claimed to have shown bias were directed at both parties and, although the ALJ expressed his personal views during the hearing, his decision relied on the evidence in the record.

Curran's petition for review is **DENIED**.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.