*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0155P (6th Cir.)
File Name:  01a0155p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UHI, INC., d/b/a UNIVERSITY
HOSPITAL,
       *Plaintiff-Appellant,*

    *v.*

TOMMY G. THOMPSON,
Secretary of Health and
Human Services,
       *Defendant-Appellee.*

No. 99-4418

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No.  97-00029—Sandra S. Beckwith, District Judge.

Argued:  March 15, 2001

Decided and Filed:  May 9, 2001

Before:  MERRITT, NELSON, and SUHRHEINRICH,
Circuit Judges.

———————————

## COUNSEL

**ARGUED:**  Mark  J.  Wasserman,  BECKMAN,  WEIL,
SHEPARDSON & FALLER, Cincinnati, Ohio, for Appellant.
Ted Yasuda, U.S. DEPARTMENT OF HEALTH & HUMAN

SERVICES, Chicago, Illinois, for Appellee. **ON BRIEF:** Mark J. Wasserman, BECKMAN, WEIL, SHEPARDSON & FALLER, Cincinnati, Ohio, for Appellant. Ted Yasuda, U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, Chicago, Illinois, Donetta D. Wiethe, Cincinnati, Ohio, for Appellee.

————————

## OPINION

————————

MERRITT, Circuit Judge.   This case arises under the Medicare Act and concerns plaintiff University Hospital's appeal of the decision by the Department of Health and Human Services concerning the amount the plaintiff should be reimbursed for medical education expenses. Because the Department's decision rested on the plaintiff's procedural default in failing to file the necessary documents with the Department, the District Court concluded that it was without jurisdiction to hear the plaintiff's appeal of the Departmental decision. Because we find that under the Medicare Act a dismissal on procedural grounds does constitute a "final decision" subject to judicial review, we disagree with the District Court's opinion insofar as it is based on the court's claimed lack of jurisdiction to hear this case. Because the Department did not act arbitrarily or capriciously in its decision to dismiss the plaintiff's case on procedural grounds, however, we affirm the result reached in the District Court.

### Facts

University Hospital is a health care provider eligible for reimbursement for the cost of furnishing graduate medical education under the Medicare Act, Title XVIII of the Social Security Act, 79 Stat. 290, as amended, 42 U.S.C. § 1395 et seq.. To obtain repayment, the provider files an annual cost report with a fiscal intermediary, usually a private insurance company that acts as an agent for the Secretary of Health and Human Services ("the Secretary"). The intermediary audits the cost report and issues a Notice of Average Per Resident

procedural requirements. *See, e.g., GTE Midwest, Inc. v. Federal Communications Commission*, 233 F.3d 341, 344-345 (6th Cir. 2000) (discussing the A.P.A.'s requirement that in order to set aside agency action, this court must conclude that it is "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law"). Both the procedural requirement itself, as well as the Department's application of it, are reasonable and necessary to the smooth functioning of the agency appellate process, and therefore cannot be considered arbitrary and capricious or an abuse of agency discretion. The plaintiff has no valid explanation for why it failed to submit the required documents on time, relying instead on unsatisfactory terms such as office "oversight." The Department gave the plaintiff adequate warning of the requirements attending its decision to appeal, and there is no legitimate dispute of the fact that the plaintiff received proper notice of those requirements. As a result, the Department acted properly in dismissing the plaintiff's appeal for failure to comply with the administrative requirements. The anecdotal examples raised by the plaintiff, even if true, contain more compelling facts than those before us. Simply put, the plaintiff's failure to submit the required paperwork was a valid basis for dismissal because there was no legitimate excuse for the failure. Finding no arbitrary or capricious behavior on the part of the defendants, either in the creation or the application of the submission timelines, we therefore uphold the Department's decision to dismiss the plaintiff's appeal of the reimbursement for graduate medical expenses.

The decision of the District Court in favor of the defendant is affirmed.

Amount. Here, plaintiff disagreed with the reimbursement amount set forth in the Notice and filed a timely appeal with the Provider Reimbursement Review Board ("the Board").

This administrative review panel has the power to conduct an evidentiary hearing to affirm, modify, or reverse the intermediary's reimbursement determinations. *See* 42 U.S.C. § 1395oo. The statute further authorizes that the Board "shall have full power and authority to make rules and establish procedures" necessary to carry out its mandate. 42 U.S.C. § 1395oo(e). These rules are set forth in the Medicare Provider Reimbursement Manual. Section 2921.5 of that manual authorizes the Board to set briefing schedules and require parties to file "position papers" in advance of the Board hearing. Failure to submit a position paper can lead to dismissal. Prov. Reimb. Man. § 2921.4E. Similarly, the Board may in its discretion dismiss an appeal for a failure to comply with an order or request for information. *Id*. at § 2924.4B.

On January 16, 1996, the Board notified plaintiff that its appeal was scheduled for February 1997 and that position papers were due by October 1, 1996. On April 9, 1996, the Board sent a reminder letter, reiterating these dates and deadlines. The letter also stated that "final position papers are due on or before the 1st of October 1996. The Board will not grant an extension to the due date for submission of position papers or for the scheduled month of hearing. If the provider fails to submit its position paper by the deadline, its case will be dismissed." J.A. 36. It is undisputed that plaintiff received both letters.

University Hospital never filed its position paper. On November 13, 1996, the Board dismissed the appeal. Plaintiff sought reinstatement pursuant to Prov. Reimb. Man. § 2924.4D, which provides: "The Board may, at its discretion, reinstate a dismissed request for hearing on its own motion or the request of a party." The Board declined to reinstate the appeal. Plaintiff requested review from the Health Care Financing Administrator and was denied.

University Hospital then filed a civil action in District Court, seeking a declaratory judgment that the Board's refusal to reinstate was arbitrary and capricious compared to other occasions when reinstatement was allowed. Plaintiff requested that the District Court order the Board to reinstate the appeal and conduct a hearing on the merits.

The District Court noted that the sole route for a provider to obtain judicial review of a claim arising under the Medicare Act is set forth in 42 U.S.C. § 1395oo(f)(1). That section reads:

> "Providers shall have the right to obtain judicial review of any *final decision* of the Board . . . by a civil action commenced within 60 days of the date on which notice of any *final decision* of the Board is received."

42 U.S.C. § 1395oo(f)(1) (emphasis added). Observing that the Board's disposition was based on plaintiff's procedural default rather than a final determination of the disputed reimbursement amount, the District Court concluded it was without jurisdiction to review the merits of the case. J.A. 343-354.

### Analysis

The question before us, therefore, is whether the procedural dismissal by the Department constitutes a "final decision" as set forth in the Medicare Act and is therefore subject to review by Federal Courts. We find that it is.[1]

The defendants argue that our decision in *Your Home Vision Nursing Services v. Shalala*, 132 F.3d 1135 (6th Cir. 1997) *aff'd* 525 U.S. 449 (1999), indicates that only decisions following a hearing constitute the type of final decision subject to judicial review. They further argue that both the

---

[1]The court of appeals for the Fourth Circuit recently reached a similar conclusion in *Inova Alexandria Hospital v. Shalala*, __ F.3d __, 2001 WL 288966 (4th Cir. 2001).

Medicare Act and the Administrative Procedures Act ("A.P.A.") preclude judicial review because this is a matter committed to agency discretion. On this issue, however, we find the plaintiff's arguments more compelling. The Medicare Act does not specifically limit final decisions to those involving a hearing, and unlike *Your Home*, which involved the Department's refusal to re-open a closed case, the instant case involves a decision ending the plaintiff's appeal in a case that was dismissed following its journey through the administrative review process. In addition, the Supreme Court has long cautioned us to be wary of interpreting the APA in a manner that precludes any judicial review of agency decisions, requiring a "showing of clear and convincing evidence" that Congress intended to eliminate judicial review in matters of agency discretion. *Barlow v. Collins*, 397 U.S. 159, 167 (1970). In the instant case, there is no such clear and convincing evidence and a finding that we lack jurisdiction to review this case would mean that administrative agencies could completely insulate themselves from judicial review simply by dismissing cases on procedural grounds prior to a hearing. Such a decision would therefore be immune even from the deferential arbitrary and capricious standard currently applied to agency adjudications. We find no indication that Congress intended such a result to apply within the Medicare Act. As a result, we reverse the District Court's decision on the jurisdiction issue and will proceed to consider this case on the merits. *See Katt v. Dykhouse*, 983 f.2d 690, 695 (6th Cir. 1992) (stating rule that appellate court may affirm a lower court's decision based on grounds that were raised by the prevailing party in the lower court, even if those grounds were not the basis of the lower court decision). Because both parties fully briefed and orally argued the merits of the instant case, we have all the information necessary to render a decision on this basis. *Id*.

We therefore turn to Magistrate Judge Hogan's decision to grant summary judgment to the defendant, a decision with which we agree. Simply put, there is no evidence that the Department acted arbitrarily or capriciously in deciding to dismiss the plaintiff's appeal for failure to comply with