**NOVACARE, INC. f/d/b/a The Rehabilitation Hospital of Virginia, Plaintiff,**

v.

**Tommy G. THOMPSON Defendant.**

**Nos. CIV. 00–185(RJL), CIV. 00–958(RJL).**

United States District Court, District of Columbia.

Jan. 7, 2005.

Edith Sophia Marshall, Powers, Pyles, Sutter & Verville, P.C., Kimberly Brown, Caplin & Drysdale, Washington, DC, for Plaintiff.

Elaine Robbins, T. Scott McGraw, Sonia M. Orfield, Department of Health and Human Services, Charlotte A. Abel, Robert Ernest Leidenheimer, Jr., Uldric L. Fiore, Jr., United States Attorney's Office, Washington, DC, Marcus Hallsted Christ, Jr., U.S. Department of Health & Human Services, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Plaintiff, NovaCare, Inc., f/d/b/a Rehabilitation Hospital of Virginia, ("Nova-

Care" or "the hospital"), a provider of services under the Medicare Act, brings this action to challenge the Provider Reimbursement Review Board's ("PRRB" or "the Board") decision to dismiss its 1994 appeal and to deny its request for reinstatement. Before the Court are the parties' cross Motions for Summary Judgment. Upon due consideration of the parties' motions and the entire record herein, the Court DENIES plaintiff's Motion for Summary Judgment and GRANTS defendant's Motion for Summary Judgment.

## STATUTORY BACKGROUND

Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 *et seq.*, establishes the Medicare program, which is a federally funded health insurance program for the elderly and disabled. Under Part A of the Medicare program, the Secretary authorizes payments to providers to reimburse reasonable costs for services provided to clients covered by the program. The Secretary has delegated the administration of the Medicare program to the Centers for Medicare and Medicaid Services ("CMS"). Fiscal intermediaries, which are usually health insurance companies, assist CMS in the administration of the Medicare program. 42 C.F.R. § 421.100.

In order to seek reimbursement for services, a provider must file an annual cost report with its fiscal intermediary. *Id.* § 413.20. After the intermediary reviews the annual cost report, it makes a final determination of allowable Medicare reimbursement and notifies the provider of that determination in the Notice of Program Reimbursement ("NPR"). *Id.* § 405.1803.

The provider may seek a hearing before the PRRB if it is dissatisfied with the intermediary's determination, the amount in controversy is $10,000 or more, and the request is filed within 180 days after the provider receives the NPR. 42 U.S.C. § 1395oo(a). The Secretary has promulgated regulations regarding the PRRB hearing practices and procedures. *See* 42 C.F.R. Part 405. In addition, the PRRB has "full power and authority to make rules and establish procedures...which are necessary or appropriate to carry out" its duties, so long as those rules or procedures are not inconsistent with the statute or regulations. 42 U.S.C. § 1395oo(e). To that end, CMS has published the Provider Reimbursement Manual ("PRM"), which "provides guidelines and policies to implement Medicare regulations...." PRM Forward.[1] Section 2921.4E of the PRM provides that if a provider "fail[s] to submit [its] final position paper to the Board by the due date, the Board may dismiss the appeal." Moreover, the PRM also allows the PRRB to dismiss a request for a hearing "if [the provider] fail[s] to comply, by a designated due date, with a Board order or request for information." PRM § 2924.4B. If the PRRB dismisses a request for a hearing, a provider may seek reinstatement of the action. Under the PRM rules, the decision whether to reinstate a request for a hearing after dismissal is within the Board's discretion. *Id.* § 2924.4D.

A decision by the PRRB is subject to review by the Secretary, who has delegated his authority to the Administrator of CMS ("the Administrator"). 42 C.F.R. § 405.1875(g). A final decision by the

---

1. As of May 1, 2000, many of the rules regarding PRRB hearings that were previously included in the PRM, were removed from the PRM and are now included in a separate document entitled "Provider Reimbursement Review Board Instruction," which is posted on the CMS website at http://www.cms.hhs.gov/providers/prrb/prrb.asp. This action, however, arose under the provisions included in the PRM prior to 2000, which will be the focus of the Court's discussions herein.

PRRB or any reversal, affirmance or modification by the Administrator is subject to judicial review. *Id.* § 405.1877.

### FACTUAL BACKGROUND

On September 26, 1996, NovaCare's fiscal intermediary issued an NPR for fiscal year 1994. Pl. Stmt. Facts ¶ 2. The hospital requested a hearing before the PRRB in a timely manner. *Id.* ¶ 3. On January 23, 1997, the PRRB granted the hospital's request and sent a letter indicating that the hearing would be scheduled during March 2000. *Id.* ¶ 6. In the same letter, the PRRB indicated that the preliminary position paper was due to the intermediary on August 1, 1999, and the final position paper was due to the Board by November 1, 1999. *Id.* ¶ 7. Then, on November 20, 1997, the PRRB sent a reminder letter that not only reiterated the dates identified in the prior letter, but also warned: "[i]f the Provider fails to submit its position paper by the deadline, its case will be dismissed." Administrative Record ("R.") at 59; Pl. Stmt. Facts ¶ 8.

In July 1999, NovaCare's Vice President for Reimbursement retained the law firm of Powers, Pyles, Sutter & Verville, P.C. ("counsel") to represent the hospital in its appeal. Pl. Stmt. Facts ¶ 13; R. at 242. A miscommunication between NovaCare and its counsel resulted in the failure to file position papers with the PRRB relating to the 1994 Appeal. Pl. Stmt. Facts ¶¶ 16–17. And, on December 6, 1999, the Board notified NovaCare's counsel that the appeal was dismissed because position papers were not timely filed. *Id.* ¶ 18; R. at 260. On January 10, 2000, NovaCare's counsel filed a request for reinstatement based on the miscommunication between it and NovaCare. Pl. Stmt. Facts ¶ 19. While the request for reinstatement was pending, the hospital filed a Complaint in this Court, on February 2, 2000, to challenge the Board's decision to dismiss its appeal. On March 21, 2000, the PRRB denied the hospital's request for reinstatement stating that "[t]he provider is responsible for, among other things, clearly communicating with its representative in pursuing its appeal." R. at 2; Pl. Stmt. Facts ¶ 21–23. Six weeks later, on May 3, 2000, the hospital filed a second complaint in this Court challenging the Board's decision to deny the request for reinstatement. On July 6, 2000, Judge Thomas P. Jackson, to whom these cases were originally assigned, issued an order consolidating the two actions. The case was subsequently reassigned to this Court on April 9, 2002.

### ANALYSIS

■ The Court's review of the Secretary's decision pursuant to 42 U.S.C. § 1395oo(f) is limited. *St. Luke's Hosp. v. Thompson,* 355 F.3d 690, 694 (D.C.Cir. 2004). Judicial review of actions pursuant to Section 1395oo are conducted using the standard of review set out in Section 706 of the Administrative Procedures Act ("APA"). 42 U.S.C. § 1395oo(f)(1); *Humana, Inc. v. Heckler,* 758 F.2d 696, 698–99 (D.C.Cir.1985). Agency action should be vacated only if the Court determines that the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The analysis, therefore, is limited to determining whether the Board's decision was "rational and based on a consideration of the relevant factors." *FCC v. Nat'l Citizens Comm. for Broad.,* 436 U.S. 775, 803, 98 S.Ct. 2096, 56 L.Ed.2d 697 (1978).

Section 706 requires this Court to consider the administrative record before the Secretary to determine the factors he considered in making his decision. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 419–20, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). In considering a motion for summary judgment, the Court must determine

whether the pleadings and the administrative record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In making this determination, the evidence of the nonmoving party is accepted as true, and all inferences are drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Based on a review of the full record and the arguments advanced by the parties, the Court concludes that the PRRB's decisions were not inconsistent with the APA. Accordingly, for the following reasons, the plaintiff's Motion for Summary Judgment is DENIED, and defendant's Motion for Summary Judgment is GRANTED.

## I. The Board's Decisions Complied With the APA

■ The plaintiff first alleges that the two decisions made by the PRRB were arbitrary and capricious, or an abuse of discretion. The Medicare program gives the Board full power and authority to promulgate rules and regulations to carry out its duties. 42 U.S.C. § 1395oo(e). The PRRB published procedural rules regarding the hearings in the PRM. Among these rules are the procedural rules relied on by the Board to dismiss the action and to deny reinstatement of the appeal. To comply with the APA, the record must demonstrate that the Board exercised its discretion in a manner that was rational and that it considered the factors relevant to the decision. For the following reasons, the Court concludes it did.

First, the Secretary dismissed the request for a hearing on the basis of Section 2921.4E of the PRM, which provides the Board with discretion to dismiss an appeal if the provider fails to timely file its final position paper. In addition to these published rules, the Board provided NovaCare with adequate notice of the due date for the final position paper and warned NovaCare that a failure to meet the deadline would result in dismissal of the action. R. at 262, 265. Despite the notice and warnings received from the Board, NovaCare failed to file its final position paper in a timely matter. Pl. Stmt. of Facts ¶ 9. The Board considered at least these facts and determined that dismissal was appropriate. The Court is satisfied that the Board considered the factors relevant to its decision to dismiss the request for a hearing. Moreover, this Court agrees with the Sixth Circuit's holding that "[b]oth the procedural requirement itself, as well as the Department's application of it, are reasonable and necessary to the smooth functioning of the agency's appellate process, and therefore [compliance therewith] cannot be considered arbitrary and capricious or an abuse of agency discretion." *UHI, Inc. v. Thompson*, 250 F.3d 993, 996–97 (6th Cir. 2001); *see also Inova Alexandria Hosp. v. Shalala*, 244 F.3d 342, 351 (4th Cir.2001).

■ Second, the PRM provides that the decision to reinstate an appeal is within the discretion of the Board. PRM § 2924.4D. It is undisputed by the parties that NovaCare submitted its request for a reinstatement on January 10, 2000, Pl. Stmt. of Facts ¶ 19, which was more than a month after the Board notified NovaCare's counsel of the dismissal. NovaCare explained that the failure to file the position paper was inadvertent and the result of a miscommunication between NovaCare and its counsel. R. at 5–6, 242–43. In the Board's letter denying the request for reinstatement, it explained that NovaCare's failure to communicate clearly with its counsel was an insufficient basis to justify reinstatement. R. at 2. The Court is satisfied that the Board considered the relevant factors and concludes that there was a rational basis for its decision. According-

ly, neither the decision to dismiss the request for a hearing, nor the denial of reinstatement, was arbitrary and capricious or an abuse of discretion.

## II. The Board Did Not Engage in Unlawful Rulemaking

■ Plaintiff next argues that the PRRB engaged in unlawful rulemaking, in effect, when it changed its interpretation of the Medicare Statute from permitting dismissal only when there was an "intent to abandon" to a rule allowing dismissal based on a provider's failure to file the necessary documentation because it did not comply with notice-and-comment procedures in the APA to effect this change. Plaintiff relies on *Alaska Professional Hunters Association, Inc. v. Federal Aviation Administration,* in which the D.C. Circuit found that "[w]hen an agency has given its regulation a definitive interpretation, and later significantly revises that interpretation, the agency has in effect amended its rule, something it may not accomplish without notice and comment." 177 F.3d 1030, 1033 (D.C.Cir.1999). The APA, however, specifically exempts "rules of agency organization, procedure, or practice" from these notice-and-comment procedures. 5 U.S.C. § 553(b). In determining whether the rules in question are procedural, this Court owes substantial deference to an agency's interpretation of its own regulations. *S.G. Loewendick & Sons, Inc. v. Reich,* 70 F.3d 1291, 1294 (D.C.Cir.1995). The Forward to the PRM states that the manual "provides guidelines and policies to implement Medicare regulations...." The D.C. Circuit has held that the APA's procedural exception "covers agency actions that do not themselves alter the rights or interests of parties, although it may alter the manner in which the parties present themselves or their viewpoints to the agency." *JEM Broad. Co. v. FCC,* 22 F.3d 320, 326 (D.C.Cir.1994). The rules challenged in this action establish procedural guidelines allowing the PRRB to manage its case load and do not prevent providers from pursuing their rights or interests. As a result, the rules regarding dismissal for failure to file and reinstatement are procedural rules.

However, since "all procedural rules affect substantive rights to [a] greater or lesser degree," this Court must additionally consider whether the degree of the substantive effects of the rule necessitate the need for complying with the notice-and-comment procedures. *Lamoille Valley R.R. Co. v. ICC,* 711 F.2d 295, 328 (D.C.Cir.1983). In that regard, NovaCare contends that the change in the Board's interpretation eliminates its right to a hearing, which is inconsistent with intent of the Medicare program. Pl. Mot. Summ. J. at 29–30. But, the change of interpretation does not obviate a provider's right to a hearing. Instead, the change in procedure puts the onus on the provider to ensure that it presents the merits of the appeal to the Board in a timely manner. The D.C. Circuit has held that a procedural rule, such as "a timetable for asserting substantive rights," is subject to notice-and-comment procedures only if the rule "creat[es] extreme procedural hurdles that foreclose fair consideration of the underlying controversy." *Lamoille Valley,* 711 F.2d at 328. Like a procedural timetable, the PRM rule allowing dismissal for failure to file position papers does not create an extreme hurdle that prevents the fair consideration of the controversy. In fact, the rules concerning the PRRB hearings do not "alter the substantive standards by which it reviews provider claims" at all. *Inova,* 244 F.3d at 350. Therefore, the rules promulgated by the PRRB establish procedures for handling appeals and do not require compliance with notice-and-comment procedures.

### III. The PRRB's Decisions Do Not Violate NovaCare's Due Process Rights

█ Finally, NovaCare complains that its due process rights were violated by the Board's actions because NovaCare was deprived of its right to a hearing under the Medicare program. The right to a hearing under the Medicare program, however, is not unqualified. *Inova,* 244 F.3d at 352. NovaCare received sufficient notice of the due dates and consequences for missing those due dates. And, NovaCare's failure to meet these procedural requirements resulted in the dismissal and denial of reinstatement of its appeal. This Court concludes that NovaCare's due process rights were not violated because, as the Fourth Circuit noted, "[a]gency proceedings and court cases are routinely dismissed for failure to comply with procedural rules." *Id.* Thus, the Board's decision to enforce the procedural rules against NovaCare is not a violation of the due process clause.

### *ORDER*

For the reasons set forth above, it is this 5th day of January, 2005, hereby

**ORDERED** that the plaintiff's Motion for Summary Judgment [# 29] is **DENIED,** and it is further

**ORDERED** that the defendant's Motion for Summary Judgment [# 34] is **GRANTED.**

**SO ORDERED.**